HERNÁNDEZ, DEMANDANTE Y APELANTE, v. F. CARRERA & HERMANO ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez contra orden anulando rebeldía y contra sentencia, en causa sobre daños y perjuicios.

No. 1289.—Resuelto en mayo 28, 1915.

DESESTIMACIÓN DE APELACIÓN—FALTA DE FINALIDAD PRÁCTICA DEL RECURSO—SENTENCIA ANULADA DESPUÉS DE ESTABLECIDA LA APELACIÓN.—Carece de finalidad práctica y debe desestimarse la apelación contra una sentencia que posteriormente fué anulada por falta de jurisdicción por la misma corte que la dictó y a virtud de moción de reconsideración presentada por el apelante.

APERTURA DE REBELDÍA—ABUSO MANIFIESTO DE DISCRECIÓN.—No se revocará una orden de apertura de rebeldía mientras no se demuestre abuso manifiesto de discreción. En el presente caso se resolvió que la corte no procedió arbitraria o caprichosamente sino guiada por las razones que le expuso el demandado y que ella estimó aceptables, teniendo además el demandado una buena defensa en el pleito.

ID.—DESCUIDO EXCUSABLE.—Es mejor práctica permitir a las partes que se defiendan y resolver las cuestiones oyéndolas que no la de sostener sentencias dictadas en rebeldía cuando se demuestra que el descuido en el cumplimiento de la Ley de Procedimientos ha sido excusable y no debido al deseo de entorpecer 'y demorar la cuestión litigiosa. Véase *Rubio et al. v. Mayagüez Auto Garage, Inc.*, 20 D. P. R., 244.

ID. — PETICIÓN DE ELIMINACIÓN — CONCLUSIÓN LEGAL — FALTA DE OBJECIÓN. — Cuando una petición para que se elimine el juramento de una moción de apertura de rebeldía sólo contiene una conclusión legal, como es la de que el juramento carecía de los requisitos legales, sin expresar por qué, y en el acto de la vista de la moción se sustituye el juramento escrito por uno verbal recibido por el juez sin objeción alguna a tal procedimiento, no puede esto alegarse como un error en apelación.

ID.—JURAMENTOS—HECHOS RELATIVOS AL ABOGADO—CONOCIMIENTO PROPIO—PERJURIO.—Cuando se trata de hechos que no ha de jurar la misma parte interesada sino su abogado, por ser relativos a éste, se presume que habían de constarle por propio conocimiento, y aunque la forma del juramento no se ajuste estrictamente al artículo 118 del Código de Enjuiciamiento Civil, no por ello puede considerarse ineficaz y nulo.

PRUEBA—ADMISIÓN DE PRUEBA INDEBIDA—FALTA DE EXCEPCIÓN.—Aun cuando una parte se haya opuesto a la presentación de cierta prueba, si ha sido admitida por la corte sin haberse tomado la correspondiente excepción, no puede discutirse el error en apelación.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan Quintero.*

Abogados de F. Carrera & Hermano: *Sres. José Sabater y José G. Torres.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En 17 de noviembre, 1914, Agustín Hernández Mena presentó demanda enmendada ante la Corte de Distrito de Mayagüez contra F. Carrera & Hermano y José Benet Colón para que ambos fueran condenados a pagar solidariamente al demandante la suma de $3,667 como indemnización de daños y perjuicios reales compensatorios, intereses desde el pronunciamiento de la sentencia, costas, gastos, desembolsos y honorarios de abogado, cuya demanda fué notificada en el mismo día con copia al abogado José Sabater que venía llevando la representación de F. Carrera & Hermano y al otro demandado Benet.

El demandado Benet opuso a la demanda enmendada la excepción previa de que no aduce hechos suficientes para constituir contra aquél una causa de acción; y como el otro demandado F. Carrera & Hermano no la hubiera contestado en 30 de noviembre citado, ya vencido el término legal para hacerlo, el demandante dirigió escrito al Secretario de la corte solicitando se hiciera constar la rebeldía de F. Carrera & Hermano y se anotara seguidamente la sentencia para el pago de los $3,667 especificados en la súplica de la demanda, más las costas. En el propio día 30 de noviembre el secretario hizo constar la rebeldía de F. Carrera & Hermano, y al día siguiente, 1°. de diciembre, anotó la sentencia solicitada a favor del demandante Agustín Hernández Mena.

También en 30 de Noviembre, 1914, el abogado José Sabater en representación de F. Carrera & Hermano excepcionó la demanda por el fundamento de que los hechos en ella alegados no determinan causa de acción, y además presentó moción jurada por el mismo Sabater para que se anulara la rebeldía y se le admitiera la contestación; y discutida dicha moción la corte dictó resolución en 15 de diciembre de 1914 por la que anuló la rebeldía y admitió la contestación

de F. Carrera & Hermano, dejando además sin efecto ni valor alguno la sentencia que por virtud de la rebeldía anotara el secretario.

Contra la anterior resolución interpuso Agustín Hernández Mena recurso de apelación para ante esta Corte Suprema en 24 de diciembre citado.

No aparece en el récord copia del escrito de excepción previa opuesta por F. Carrera & Hermano a la demanda y sí la sentencia que la resolvió registrada en 4 de febrero, 1915, por la que la corte declara que la ley está a favor de la excepción previa alegada por los demandados F. Carrera & Hermano y en su consecuencia declara con lugar la excepción y ordena el sobreseimiento y archivo del caso en lo que se refiere a los expresados demandados con las costas, gastos, desembolsos y honorarios de abogado a cargo del demandante.

De esa sentencia pidió reconsideración Hernández Mena en escrito de 9 de febrero de 1915 y en otro escrito de 17 del mismo febrero interpuso recurso de apelación contra la misma.

La moción de reconsideración fué declarada con lugar por resolución que copiada a la letra dice así:

"La corte, luego de oir la lectura de dicha moción y las argumentaciones de las partes concurrentes, reservó su resolución hasta hoy 20 de febrero de 1915, en que declara con lugar dicha moción y en su consecuencia, decreta y ordena la nulidad de, como por la presente anula, la sentencia dictada en este caso con fecha cuatro de febrero de 1915, sosteniendo la excepción previa del demandado F. Carrera & Hno., y ordenando el sobreseimiento y archivo del caso, en lo que a dichos demandados se refiere; por considerar que habiendo apelado el demandante Agustín Hernández Mena con fecha 24 de diciembre de 1914, de la orden de esta corte de 15 de propio mes de diciembre anulando la sentencia en rebeldía y admitiendo la contestación del demandado F. Carrera & Hno., dicho recurso suspendió todo procedimiento, y por tanto, al dictarse la expresada sentencia de 4 de febrero de 1915, la corte obró sin jurisdicción."

El apelante Agustín Hernández Mena en su alegato escrito solicita la revocación de la orden de la Corte de Dis-

trito de Mayagüez de 15 de diciembre, 1914, sobre nulidad de la anotación de rebeldía y de la sentencia contra F. Carrera & Hermano y también la revocación de la sentencia dictada por la misma corte en 4 de febrero, 1915, por la que declara con lugar la excepción de falta de causa de acción y ordena el sobreseimiento y archivo del pleito en cuanto a F. Carrera & Hermano; pero como esa sentencia fué anulada posteriormente por la misma corte con fecha 20 de febrero, 1915, a virtud de moción de reconsideración presentada por el propio Hernández Mena, el recurso contra ella interpuesto debe desestimarse por carecer de finalidad práctica, y por tanto sólo cabe discutir y resolver el otro recurso contra la orden de diciembre 15, 1914.

Alega la parte apelante como motivos del recurso contra la orden de 15 de diciembre, 1914, los siguientes: 1°. Que la corte de distrito cometió error al anular la anotación de rebeldía y dejar sin efecto la sentencia anotada por el secretario contra F. Carrera & Hermano, por abuso en el ejercicio de la facultad discrecional que le concede el artículo 140 del Código de Enjuiciamiento Civil. 2°. Que la corte cometió error al no anular ni declarar ineficaz el juramento prestado en corte abierta por el abogado Sabater, referente a la moción de rebeldía. 3°. Que la corte cometió error admitiendo la prueba testifical propuesta por el abogado Sabater para sostener la moción de apertura de rebeldía, cuya prueba era impertinente, inadecuada e improcedente según el artículo 34 de la Ley de Evidencia.

En cuanto al primer motivo del recurso es de notar que el abogado de F. Carrera & Hermano alegó en apoyo de su moción de apertura de rebeldía: (*a*) que en espera de la resolución de la excepción propuesta por el demandado Benet y por el excesivo trabajo que tenía, fué aplazando la contestación a la demanda para prepararla y radicarla en la semana que comenzó el lunes 23 de noviembre de 1914; (*b*) que en ese día 23 de noviembre el escribiente de su oficina dejó el empleo que en ella tenía para dedicarse a otro y desde enton-

ces tuvo el abogado que ocuparse personalmente de todos sus asuntos, aglomerándosele así el trabajo excesivo que ya sobre él pesaba; (c) que además había tenido un hijo de 8 meses de edad atacado de pulmonía durante toda la semana expresada, originándosele el consiguiente trastorno en sus asuntos, debido a todo lo cual olvidó presentar la contestación a su debido tiempo, y al organizar los trabajos de su oficina en 30 de noviembre por ser primer día de semana, encontró la nota memorándum expresiva de tener que contestar la demanda, cuya contestación no pudo presentar en ese mismo día radicando en su lugar una excepción previa general con el fin de evitar que le fuera acusada la rebeldía, pero cuando presentó al secretario de la corte la excepción ya se había radicado la solicitud del demandante de que se anotara una rebeldía y una sentencia en contra de la mercantil demandada; y (d) que la sociedad F. Carrera & Hermano tiene una buena causa de acción en opinión del letrado que suscribe la moción, sin que haya sido su intención dilatar el curso del pleito, en prueba de lo cual acompaña la contestación a la demanda.

Impugnó Hernández Mena la moción de apertura de rebeldía de F. Carrera & Hermano alegando bajo juramento que ni ese demandado ni su abogado Sabater estuvieron ausentes ni enfermos ni impedidos por motivo alguno imprevisto para excepcionar y contestar la demanda o de pedir prórroga para hacerlo dentro de los diez días marcados por la ley; que en los días y noches transcurridos desde el 17 al 30 de noviem bre de 1914 ha visto al abogado Sabater en su bufete conversando con varias personas y aun con el mismo demandante sobre cosas ajenas a sus trabajos profesionales y también en la calle y sitios públicos, en el café "La Palma" y en el Centro Español de Mayagüez durante períodos de tiempo suficientes que pudo dedicar a excepcionar y contestar la demanda o a pedir prórroga para ello dentro del término legal; y que según se desprende de la misma moción el abogado Sabater ha acaparado trabajo excesivo y despachado

otros asuntos y pleitos con preferencia al presente, no siendo por tanto excusable la negligencia en que ha incurrido.

La Corte de Mayagüez tuvo en consideración tanto las razones alegadas por F. Carrera & Hermano para obtener la apertura de rebeldía, como la impugnación que a esas razones hizo el demandante Hernández Mena, y no encontramos que abusara de su discreción al dictar la orden apelada en ejercicio de la facultad que le otorga el artículo 140 del Código de Enjuiciamiento Civil. Dicha corte no procedió arbitraria o caprichosamente, sino guiada por las razones que le expuso el demandado y que ella estimó aceptables. También resulta de la declaración jurada del abogado y de la propia contestación que el demandado tiene una buena defensa en este pleito.

Nunca revocaremos órdenes de apertura de rebeldía mientras no se nos demuestre abuso manifiesto de discreción, lo que no ocurre en el presente caso. *Salazar* v. *Sucesión Kortright,* 14 D. P. R., 134.

"Es mejor práctica permitir a las partes que se defiendan y resolver las cuestiones oyéndolas que no la de sostener sentencias dictadas en rebeldía cuando se demuestra que el descuido en cumplir la Ley de Procedimientos ha sido excusable y no debido al deseo de entorpecer y demorar la cuestión litigiosa."

*Rubio et al.* v. *Mayagüez Auto Garage Inc.,* 20 D. P. R., 244.

Examinemos el segundo motivo del recurso consistente en no haberse anulado el juramento prestado en corte abierta por el abogado Sabater con relación a la moción de rebeldía.

El juramento de la moción de apertura de rebeldía expresa "que el Licenciado Juez Sabater la suscribió y bajo juramento declaró que todos los hechos consignados en dicha moción son ciertos y verdaderos." El demandante Hernández Mena, después de haber impugnado dicha moción en los términos ya expresados, o sea en su fondo, la impugnó también en su forma por la razón de que el juramento carecía de los requisitos legales y era, por tanto, defectuoso, ineficaz y nulo, solicitando que la corte dictara una orden elimi-

nando dicho juramento; y al celebrarse la vista de la moción sobre apertura de rebeldía, Hernández Mena reprodujo su petición de eliminación, a lo que se opuso el abogado Sabater alegando que no era el momento de impugnar el juramento y solicitando además permiso de la corte para enmendarlo en el acto, a lo que accedió el juez tomando juramento al abogado Sabater en la siguiente forma: "Sr. Sabater, ¿Ud. jura que ha leído esa moción y que es verdad?", a lo que contestó Sabater: "La he escrito personalmente en maquinilla en mi oficina y juro son ciertos todos los hechos que contiene."

Como se ve, Hernández Mena sólo consignó una conclusión legal al expresar que el juramento carecía de los requisitos legales, sin expresar por qué, y en el acto de la vista de la moción sobre apertura de rebeldía no se opuso a que el juramento escrito fuera sustituido por el juramento verbal que el juez recibió a Sabater, ni hizo objeción alguna a tal procedimiento, por lo que no puede hoy invocar en su defensa el error alegado.

Hernández Mena, en su alegato escrito en apoyo del recurso sostiene que ni en el juramento de la moción sobre nulidad de rebeldía, ni en el prestado ante la corte expresó Sabater que los hechos le constaban por propio conocimiento o por información y creencia que cree cierta, y que por tanto ambos juramentos carecen de los requisitos legales que exige el artículo 118 del Código de Enjuiciamiento Civil, y por ser defectuosos son nulos. Tal explicación es tardía; pero aun dándosele consideración opinamos que tratándose de hechos que no había de jurar la misma parte interesada sino su abogado Sabater, relativos a éste, según lo demuestra le mera relación de los mismos, es claro que habían de constarle por propio conocimiento, y por tanto es indudable que la forma del juramento, aunque no se ajusta estrictamente al artículo 118 del Código de Enjuiciamiento Civil, es bastante para concluir que Sabater quedó sometido a la penalidad del perjurio si se probara que sus alegaciones no eran ciertas y que en su consecuencia el juramento de la moción de apertura de rebeldía no puede

considerarse ineficaz y nulo. *León et al.* v. *Colón et al.*, 21 D. P. R., 273.

Pero aunque así no fuera, la corte prescindió de ese juramento al recibir otro a Sabater en corte abierta; y como Hernández Mena no impugnó ni objetó ese procedimiento, es un hecho que quedaron jurados los hechos consignados en la moción con los efectos consiguientes.

Tampoco es sostenible el tercer motivo del recurso consistente en error cometido por la corte inferior al admitir prueba testifical impertinente para sostener la moción de apertura de rebeldía.

Esa prueba consistió en que el notario Eugenio Géigel compareciera como compareció con su registro de *affidavits* de 1914 para mostrar al tribunal la nota escrita por él en dicho registro relativa a haber jurado Agustín Hernández Mena no tener participación alguna en la suma de que se deriva la cantidad reclamada en la demanda, y expresiva además de haber recibido el mismo Hernández Mena la suma de $500 en pago total de los servicios en que se basa su reclamación, cuyo recibo reconoció Hernández Mena como suyo.

Ciertamente que Hernández Mena impugnó la admisión de esa prueba al ser solicitada por la representación de F. Carrera & Hermano antes de celebrarse la vista de la moción de apertura de rebeldía, y en el acto de la vista también se opuso a su admisión, pero como fué admitida por la corte y Hernández Mena no tomó excepción, no podemos discutir el error que pudiera haber cometido la corte inferior bien con infracción del artículo que invoca Hernández Mena, bien con infracción de cualquiera otra regla de evidencia.

De todos modos, existan o nó el segundo y tercer error apuntados, la única cuestión a resolver en el presente caso se refiere al ejercicio de la sana discreción de la corte de Mayagüez al dictar la resolución apelada de 15 de diciembre de 1914 anulando la rebeldía de F. Carrera & Hermano y dejando sin efecto la sentencia que por virtud de esa rebeldía anotara el secretario.

, No se ha demostrado según hemos dicho, abuso de discreción.

Procede la confirmación de dicha resolución, desestimándose el recurso interpuesto contra la otra resolución de 4 de febrero del corriente año que ordenó el sobreseimiento y archivo del caso en cuanto a los demandados F. Carrera & Hermano.

> *Confirmada la resolución apelada de 15 de diciembre, 1914, y desestimado el recurso en cuanto a la sentencia de 4 de febrero, 1915.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.