VIGERMINA AMY, peticionaria, *v.* ANTONIO R. BARCELÓ, JUEZ DE LA CORTE DE DISTRITO DE GUAYAMA, demandado.

Núm. 1265.—*Sometido:* Diciembre 24, 1941. *Resuelto:* Enero 13, 1942.

*Manuel A. Rivera,* abogado de la peticionaria; *M. Guzmán Texidor,* abogado de varios herederos, interesados en el pleito principal.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El 23 de septiembre de 1941 los ahora interventores radicaron una moción en la corte inferior solicitando la remoción de la administradora judicial de los bienes relictos por Arturo Umpierre Carmona. La moción fué notificada por correo a

la administradora judicial, pero no así a su abogado, quien, hallándose enfermo, el 2 de octubre envió un telegrama al juez inferior manifestando que hacía diez días se hallaba recluído en cama por prescripción médica atacado de bronquitis, por lo que solicitaba se suspendiese la vista por un término razonable y que se ordenase a los promoventes de dicha moción que le notificasen con copia de la misma. Accedió la corte y pospuso la vista de la moción para el diez del mismo mes. Continuando enfermo el abogado Sr. Rivera, el 8 de octubre envió por correo una moción a la corte inferior, debidamente notificada al abogado de la parte contraria, solicitando una vez más la suspensión por el mismo motivo y acompañando una certificación jurada por el Dr. D. Talavera acreditativa de que venía prestando sus servicios profesionales al Lic. Manuel A. Rivera, quien se encontraba recluído en cama sufriendo de influenza respiratoria. El 9 de octubre la corte inferior dictó una orden decretando no haber lugar a la suspensión solicitada, sin que aparezca de los autos que dicha orden hubiese sido notificada en alguna forma al Lic. Rivera o a su cliente la peticionaria, y al día siguiente, 10 de octubre, se celebró la vista de la moción en ausencia de la administradora judicial.

El 5 de noviembre siguiente la corte inferior dictó resolución por la que destituyó a la administradora judicial nombrando en su lugar a Arturo Umpierre Colón, previa prestación de fianza por la cantidad de $5,000.

Para revisar la resolución de la corte denegando la suspensión de la vista, radicó la representación de la administradora judicial este recurso de *certiorari*.

Aparece de los autos que la administradora judicial es la viuda del finado Umpierre Carmona, y surge también de ellos que ha aplicado fuertes cantidades de su peculio particular para hacer frente a ciertas deudas de la administración judicial.

Sin entrar a considerar las razones que puedan alegarse para destituir a la administradora judicial, debemos consi-

derar si en efecto la corte abusó o no de su discreción al no darle una oportunidad de ser oída en su defensa. No hay duda alguna de que la suspensión de una vista es cuestión que descansa principalmente en la sana discreción de la corte; pero es regla bien establecida por la jurisprudencia que cuando se excede o se abusa de esa discreción, los tribunales superiores pueden, por medio de certiorari, intervenir para revisar las órdenes que puedan haberse dictado en perjuicio de una parte en tales circunstancias. *State ex rel. Fletcher* v. *District Court,* (Iowa, 1931), 80 A.L.R. 339.

La tendencia moderna de los tribunales es resolver los casos por sus propios méritos, dando a cada parte la oportunidad de presentar plenamente su contención, evitando así que la administración de justicia dependa de la suerte, del azar o de contingencias tan difíciles de prever como lo es la súbita enfermedad de una parte, de su abogado o de un testigo esencial. En nada se hubieran perjudicado los fines de la justicia si la corte, en vista de la imposibilidad de la administradora judicial de estar adecuadamente representada, hubiese pospuesto la vista de la moción por unos días más y si en realidad era necesaria una rápida actuación, haberle concedido una oportunidad de nombrar otro abogado que pudiese estar listo para representar sus intereses dentro del término más breve posible, de acuerdo con las circunstancias. Que el caso no era tan urgente como se expone en la resolución de la corte inferior, lo demuestra el no haberse dictado dicha resolución hasta veintiséis días después de celebrada la vista, o sea el 5 de noviembre último, y no haberse notificado hasta trece días más tarde, el 18 del mismo mes.

Al no posponer la vista de la moción, se privó a la administradora judicial de su día en corte, y siendo ello así, no hizo buen uso de su discreción la corte inferior, por lo que *procede anular la orden de 9 de octubre de 1941, y todas las actuaciones posteriores, devolviendo los autos a la corte*

*recurrida para que señale una nueva vista de la moción sobre remoción de la administradora judicial, y luego de una razonable oportunidad a las partes para ser oídas, resolver lo que en derecho proceda.*