Juan Clabaguera y su esposa Pilar Defilló de Clabaguera, demandantes y apelantes, *v.* Ernesto Espéndez Mandés, demandado y apelado.

Núm. 8557.—*Sometido:* Enero 26, 1943. *Resuelto:* Marzo 31, 1943.

*Ángel R. Díaz,* abogado de los apelantes; *Ulpiano Créspo, Jr.,* abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En el año 1939 Juan Clabaguera y su esposa Pilar Defilló adquirieron por compra de August F. Kopf una finca urbana situada en la urbanización Las Palmas de Santurce compuesta de una casa y solar de 325 metros cuadrados. Este inmueble perteneció originalmente a Rufus Rolla Lutz quien en el año 1928 se lo vendió a Ernesto Espéndez sujeto a una hipoteca de $3500 constituída a favor del mencionado Kopf. En el año 1935 Kopf ejecutó dicha hipoteca y ya dueño de la finca se la vendió, como hemos dicho, en 1939, a los esposos Clabaguera–Defilló.

Alegando que Ernesto Espéndez está detentando una faja de terreno de 3 metros de frente por 16 metros de fondo, que según los demandantes forma parte de la finca principal adquirida por ellos, los esposos Clabaguera–Defilló iniciaron esta acción en la Corte Municipal de San Juan para reivindicar dicha faja de terreno. El demandando Espéndez sostiene que los 48 metros cuadrados, aunque adyacentes a la finca principal, constituyen una unidad territorial independiente adquirida por él del mismo Rufus Rolla Lutz en noviembre de 1928 por $100, habiéndose ratificado dicha venta por escritura pública en el año 1933 o sea dos años antes de haber Kopf ejecutado la hipoteca sobre la finca principal, y que por tanto cuando en el año 1939 le vendió a los demandantes no estaba incluída como parte de dicha finca.

La corte municipal declaró con lugar la demanda y apelado el caso ante la Corte de Distrito de San Juan y celebrado un juicio *de novo* esta corte desestimó la demanda con costas. Los demandantes establecieron el presente recurso para ante esta Corte Suprema e imputan a la corte inferior la comisión de once errores.

Los tres primeros se refieren a la admisión como prueba de un croquis levantado por el ingeniero Gonzalo Diago, Jr. y de la declaración de éste como testigo del demandado. No aparece del récord taquigráfico que los demandantes tomaran excepción a la decisión de la corte admitiendo dicha prueba y sí únicamente cuando se les denegó su eliminación del récord. *Hernández* v. *F. Carrera & Hno. et al.*, 22 D.P.R. 538; *Torres* v. *P. R. Racing Corp.*, 40 D.P.R. 441. De todas maneras la referida prueba no era "*self serving*" como arguyen los apelantes, y se limitó a establecer la mensura hecha por el testigo. La corte no resolvió, como dicen los apelantes en su alegato: "que se trataba de un deslinde" sino todo lo contrario. Lo que la corte dijo en su opinión fué: "*no* se trata de un deslinde con el cual se pretenda obligar al demandante."

■ Los señalamientos de error sexto, séptimo, octavo y undécimo se refieren, en distinta forma expresados, a que la corte inferior actuó movida por pasión, prejuicio y parcialidad en la apreciación de la prueba. La conclusión a que llegó el juez sentenciador en este caso está expuesta, en forma concisa, en la relación del caso y opinión que dictó en apoyo de su sentencia y dice así:

"Los demandantes, dueños de una finca urbana, alegan que el demandado ocupa una parte de dicha finca, que mide tres metros de frente por diez y seis de fondo.

"De la prueba aparece en forma clara y no controvertida que la faja de tres metros que ocupa el demandado no está comprendida dentro de los terrenos a los cuales tienen título los demandantes. Según el título de éstos, su finca debe colindar en 24.40 metros con la calle Morell Campos. Según la declaración no controvertida del testigo Gonzalo Diago, los demandantes están en posesión de un solar cuya colindancia con la calle Morell Campos es algo mayor de 24.40 metros, quedando fuera de los límites del solar de los demandantes la faja que posee el demandado.

"Aparte de lo expuesto, de la prueba aparece claramente el título del demandado a la faja que ocupa. El demandado adquirió en el 1928 la finca que hoy pertenece a los demandantes. Poco después quedó inutilizado el garage de la casa, por haberse elevado el nivel de la calle Morell Campos al afirmarse ésta. Entonces el demandado compró la faja de tres metros, con el fin de ampliar su casa añadiéndole un garage. La escritura correspondiente a los tres metros no se otorgó hasta el año 1933, fecha en que aún era el demandado dueño de la finca principal. Poco después se ejecutó una hipoteca que pesaba sobre la finca principal, y que no incluía la faja adquirida por el demandado, se adjudicó la finca al acreedor, y de éste la adquirieron los demandantes. Desde que se ejecutó la hipoteca ha estado el demandado en posesión de la faja que hoy reclama la demandante.

"En resumen, los demandantes no han establecido título alguno a la faja que posee el demandado, y por el contrario éste ha demostrado un título suficiente. De la prueba no surge acto alguno del demandado que indujera a los demandantes a creer, al comprar éstos la finca principal, que la faja en controversia formaba parte de la propiedad."

Hemos leído detenidamente la prueba aportada por las partes y no vemos cómo puede sostenerse que el juez actuó movido por pasión, prejuicio y parcialidad en la apreciación de la misma. Los demandantes trataron de probar que la faja de tres metros en posesión del demandado estaba incluída en el solar que les fué vendido por el acreedor hipotecario después que éste había ejecutado la hipoteca que gravaba la finca entonces propiedad del demandado Espéndez. Pero la prueba del demandado demostró que dicha faja fué adquirida por él después de estar constituída la hipoteca sobre la finca principal y que dicha faja no pudo ser ni fué objeto de la ejecución hipotecaria. La prueba fué contradictoria y a nuestro juicio el conflicto fué bien resuelto por la corte inferior.

En el quinto señalamiento los apelantes sostienen que la corte inferior erró al admitir prueba oral para variar los términos del contrato escrito a virtud del cual el demandado adquirió la faja de terreno en controversia, en violación del artículo 25 de la Ley de Evidencia. No tienen razón.

En primer término no se objetó por los demandantes en la corte inferior a la admisión de dicha prueba y es ahora, en apelación, que por primera vez se levanta la cuestión. Es cierto que las autoridades están en conflicto en cuanto a si la regla sobre admisión de prueba extrínseca para variar los términos de un contrato escrito debe considerarse como una mera regla de evidencia o de derecho substantivo, pero aparentemente el peso de la jurisprudencia sostiene que a menos que se objete y excepcione la presentación de dicha prueba no procede levantar en apelación la cuestión por primera vez. Véase la monografía al caso de *Higgs* v. *De Maziroff*, (N. Y.) 189 N. E. 555 en 92 A.L.R. 810. No creemos necesario resolver esta cuestión porque somos de opinión que la prueba presentada y admitida por la corte inferior no tendió a variar las condiciones del contrato de adquisición del demandado.

Por la escritura de 24 de septiembre de 1933 Lutz ratificó la venta hecha al demandado Espéndez de la faja de terreno de tres metros de frente por dieciséis metros de fondo por el precio de $100 que fueron pagados por el demandado. Éste fué el contrato y concurriendo en el mismo los requisitos que exige el artículo 1213 del Código Civil, consentimiento, objeto y causa, quedó perfeccionado. Ahora bien, en dicha escritura se hizo constar por Lutz que dicha faja era segregada del solar núm. 158 (él tenía una urbanización con solares numerados) y la prueba ofrecida por el demandado en el juicio y admitida por la corte fué al efecto de demostrar que dicha faja fué segregada del solar número 159 y que a todos los solares restantes se les corrió la colindancia tres metros.

Esta prueba no tendió a variar las condiciones del convenio contenido en la escritura sino a corregir la equivocación que en ella existía en cuanto a de qué solar había sido segregada la parcela de tres metros vendida al demandado. Esta prueba era admisible de acuerdo con la excepción establecida en el propio artículo 25 de la Ley de Evidencia en su inciso 1. La corte inferior no erró al admitir esta prueba y al darle crédito a la misma.

Por el noveno señalamiento sostienen los apelantes que la corte sentenciadora erró "al no aplicar los artículos 1357 al 1361 del Código Civil (ed. 1930), ya que, suponiendo cierto el exceso en la superficie de la finca, cedería en favor del adquirente de éste, si lo hizo, como en este caso, por precio alzado y determinándose el perímetro."

Los apelantes tendrían razón si la corte inferior hubiera declarado probado que la faja en controversia había sido segregada del solar número 158 vendido originalmente por Lutz a Espéndez que es actualmente propiedad de los apelantes. Habiendo comprado Espéndez el solar por precio alzado hubiera sido aplicable el artículo 1360 del Código Civil. Empero, la corte inferior, como hemos dicho, llegó a

una conclusión diametralmente opuesta a la contención de los demandantes al declarar probado que la faja de tres metros se había segregado del solar núm. 159 propiedad de Lutz y contiguo al de Espéndez, y que por tanto no formaba parte de la finca principal vendida originalmente a Espéndez, y siendo correcta la conclusión a que llegó la corte es completamente inaplicable el referido artículo del Código Civil.

Sostienen finalmente los apelantes que la corte erró al no aplicar el artículo 34 de la Ley Hipotecaria, al permitir al demandado impugnar resultancias del Registro en relación con la extensión del derecho de dominio de los apelantes, adquirentes de persona que en el Registro aparecía con derecho a transmitirles, como parte de una finca, la parcela que posee el demandado.

Al discutir este señalamiento se limitan los apelantes a copiar el artículo 34 de la Ley Hipotecaria y citar por sus títulos la jurisprudencia de esta Corte aplicándola y termina diciendo que los "demandantes apelantes adquirieron una finca de un perímetro declarado en el Registro y nada de lo incluído en ese perímetro pueden perder".

Según el artículo 34 de la Ley Hipotecaria "los actos o contratos que se ejecuten u otorguen por persona que en el Registro aparezca con derecho para ello, no se invalidarán en cuanto a tercero, una vez inscritos, aunque después se anule o resuelva el derecho del otorgante en virtud de título anterior no inscrito o de causas que no resulten claramente del mismo Registro . . . Solamente en virtud de un título inscrito podrá invalidarse en perjuicio de tercero otro título posterior también inscrito . . . "

Somos de opinión que este precepto legal no es aplicable a los hechos probados en este caso. Se demostró que la finca de los apelantes, que según su título debía tener 24.40 metros en su colindancia con la calle Morell Campos, de hecho tiene una extensión de 24.56 metros, es decir, un exceso de 16 centímetros, y que a continuación de los 24.56 metros de

los demandantes están los tres metros de la faja del demandado. No se probó que los demandantes hayan perdido nada de lo incluído en el perímetro de su finca según aparece inscrito en el Registro. No se ha invalidado el título de los apelantes en manera alguna. Por el contrario, lo que se ha hecho es limitarlo a lo que realmente compraron de acuerdo con el título inscrito que no incluía los tres metros adquiridos por el demandado con posterioridad a la constitución de la hipoteca sobre la finca principal que fué la que Kopf vendió a los apelantes.

*Debe confirmarse la sentencia apelada.*