ENCARNACIÓN ABOY VDA. DE CINTRÓN, peticionaria, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. MARCELINO ROMANY, JUEZ, demandada.

Núm. 1559.—*Sometido:* Enero 19, 1944. *Resuelto:* Enero 25, 1944.

*Brown, González & Newsom* y *José L. Hernández,* abogados de la peticionaria; *Miranda* y *Miranda Esteve,* abogados del demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La única cuestión a resolver en este recurso es si la Corte de Distrito de San Juan abusó de su discreción al negarse a suspender la vista del juicio de un caso que está señalado para verse ante dicha corte el 27 de enero para cualquier fecha posterior al 17 de febrero de 1944. Los hechos son los siguientes:

El 14 de septiembre de 1943 F. Rodríguez Hnos. & Cía. radicaron en la corte inferior una demanda contra Encarnación Aboy Vda. de Cintrón, solicitando la nulidad de un ejecutivo hipotecario tramitado por dicha demandada hace *once años* o sea en 1932. El 4 de noviembre de 1943 la demandada radicó una moción solicitando se desestimara la demanda por no aducir hechos constitutivos de causa de acción. Pendiente de verse y resolverse dicha moción se ausentó de Puerto Rico don José Hernández Usera, apoderado administrador de los bienes de la demandada, quien reside en Nueva York desde el año 1917, habiendo sido el Sr. Hernández Usera quien concertó la hipoteca, luego la ejecutó y por último administró por varios años la propiedad adjudicada hasta que la vendió. Ya ausente el Sr. Hernández Usera la corte inferior declaró sin lugar la moción de la demandada y el 6 de diciembre la demandada radicó su contestación en la cual, después de negar los motivos de nulidad alegados en la demanda y establecer varias defensas especiales, también incluyó una reconvención en contra de la demandante. A solicitud de la demandante el 15 de diciembre la corte señaló el caso para juicio para el día 4 de enero de 1944. Solicitó entonces la demandada la suspensión para una fecha posterior a febrero 17, alegando, 1, la ausencia del Sr. Hernández Usera en Estados Unidos en viaje oficial en funciones de su cargo de Cónsul de la República de El Salvador en Puerto Rico y del cual no regresará a la Isla hasta la segunda quincena de febrero; 2, el hecho de ser el Sr. Hernández Usera, como apoderado de la demandada desde el año 1917, la única persona que podría declarar, no sólo en cuanto a las reclamaciones objeto de la reconvención, sino en cuanto a toda su intervención personal en la ejecución de la hipoteca y como administrador de la finca ejecutada que forma parte de los bienes de la demandada.

La demandante se opuso a la suspensión y la corte inferior, accediendo en parte a lo pedido, suspendió la vista del caso para el 27 de enero. Solicitó la demandada la reconsi-

deración de dicha resolución y de nuevo insistió en que se suspendiera la vista para cualquier fecha posterior al día 17 de febrero en que llegaría a Puerto Rico el Sr. Hernández Usera y se alegó expresamente que su presencia en el juicio era no sólo necesaria sino indispensable para asesorar a los abogados de la demandada durante el curso del mismo y además por ser él un testigo esencial. Oídas las partes la corte inferior declaró sin lugar la moción de reconsideración y sostuvo el señalamiento hecho para el día 27 de enero próximo.

Para revisar las resoluciones de la corte inferior denegando la suspensión del juicio la demandada radicó este recurso de *certiorari*. Expedimos el auto y oímos a las partes interesadas.

De los autos en el caso núm. 44,615 de F. Rodríguez Hnos. & Cía. *v.* Encarnación Aboy Vda. de Cintrón, sobre nulidad de ejecutivo hipotecario, etc., enviados por la corte inferior, aparecen debidamente comprobados todos los hechos alegados para solicitar la suspensión. Aun cuando el Sr. Hernández Usera no sea la parte demandada, de hecho es como si lo fuera, pues por estar la demandada en dicho caso ausente de Puerto Rico desde el año 1917 él ha sido y es su apoderado y el administrador de sus bienes; él fué quien intervino en el préstamo hipotecario, en la ejecución de la hipoteca y luego en la administración y venta de la casa. Aun cuando pudiera existir prueba documental en cuanto a los gastos de mejoras y administración de la propiedad ejecutada, solamente él podría demostrar a la corte la razonabilidad de dichos gastos. También su presencia en el juicio es necesaria para asesorar a sus abogados. No debe descartarse el hecho adicional de que cuando el Sr. Hernández Usera salió de Puerto Rico el caso no estaba listo para juicio y además que su viaje fué uno de carácter oficial como Cónsul. Bajo todas estas circunstancias, la demandada es la única parte que puede sufrir un perjuicio al denegarse la suspensión. La demandante en

nada se perjudicaría pues once años tardó en iniciar su acción de nulidad y nos parece que la suspensión del juicio por más o menos tres semanas—el 27 de enero a una fecha posterior al 17 de febrero—no puede ocasionarle perjuicio alguno. Creemos que la corte inferior no tomó en consideración ni pesó debidamente todos los hechos concurrentes al resolver que la demandada debe entrar a juicio en este caso en ausencia del Sr. Hernández Usera.

Resolvimos en el caso de *Amy* v. *Barceló, Juez,* 59 D.P.R. 661:

"Aunque la suspensión de una vista es cuestión que descansa principalmente en la sana discreción de la corte sentenciadora, en casos en que ésta se exceda o abuse de esa discreción, los tribunales superiores pueden, por certiorari, revisar las órdenes que puedan haberse dictado en perjuicio de una parte en tales circunstancias." (Sumario 2.)

Sostuvimos, además, en dicho caso, que la tendencia moderna de los tribunales "es resolver los casos por sus propios méritos, dando a cada parte la oportunidad de presentar plenamente su contención, evitando así que la administración de justicia dependa de la suerte, del azar o de contingencias . . . difíciles de prever . . .". En el caso presente la demandada no tendría la oportunidad de presentar y probar plenamente su contención en ausencia de su testigo principal. Comenzar a celebrar el juicio en su ausencia para continuarlo en otra fecha posterior si la corte inferior estima que su presencia es entonces necesaria, tampoco constituye un remedio adecuado bajo las circunstancias especiales de este caso. De hecho sería la misma parte la que estaría ausente durante parte del juicio.

A nuestro juicio la Corte de Distrito de San Juan abusó de su discreción al denegar la suspensión solicitada por la peticionaria y en su consecuencia *deben anularse la orden dictada en diciembre 27, 1943 señalando la vista del juicio del caso núm. 44,615 de F. Rodríguez Hnos. & Cía.* v. *Encarnación*

*Aboy Vda. de Cintrón para el día 27 de enero de 1944 y la resolución dictada en enero 4, 1944 declarando sin lugar la reconsideración de dicha orden solicitada por la demandada, devolviéndose los autos a la corte recurrida para que haga un nuevo señalamiento de dicho caso para una fecha posterior al 17 de febrero de 1944.*

El Juez Asociado Sr. Snyder no intervino.