María Coll, peticionaria, *v.* Tribunal del Distrito Judicial de San Juan, Hon. Federico Tilén, Juez, demandado; Petra Viera Sosa, interventora.

Núm. 1722.—*Sometido:* Diciembre 3, 1947. *Resuelto:* Enero 30, 1948.

*Francisco Acevedo,* abogado de la peticionaria; *Pablo Juan y Toro,* abogado de la interventora, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Expedimos el auto en este caso para revisar la resolución dictada por el Tribunal del Distrito de San Juan negándose a dejar sin efecto la sentencia dictada en el caso de Petra Viera Sosa v. María Coll, sobre desahucio, en la que se declaró con lugar la demanda. Los hechos son los siguientes:

Dicho caso se inició en la Corte Municipal de Río Piedras, la que declaró sin lugar la demanda. Se apeló por la demandante para ante el Tribunal de Distrito de San

Juan y después de habérsele concedido permiso para radicar una demanda enmendada, dicho Tribunal señaló el 23 de junio de 1947 para la primera comparecencia que requiere la ley. El 19 de junio el Lic. Francisco Vizcarrondo Morell, en representación del Lic. Francisco Acevedo, abogado de la demandada, radicó una moción solicitando la posposición de la vista para el día 30 de junio, alegando que el Lic. Acevedo estaba ausente en los Estados Unidos y no regresaría hasta el día 25 de junio y que el Lic. Vizcarrondo no podía representar a la demandada por estar convaleciendo de una operación. La corte pospuso la vista para la fecha solicitada. El 25 de junio de nuevo el Lic. Vizcarrondo, a nombre del Lic. Francisco Acevedo, solicitó la posposición de la primera comparecencia para el día 7 de julio alegando en la moción que el vapor Borinquen, en que regresaba el Lic. Acevedo a Puerto Rico, había pospuesto su salida de New York para el día 26 de junio y que dicho letrado no podía estar presente en corte el día 30 de junio.

A pesar de que la corte inferior no resolvió la segunda moción de suspensión radicada, el día 30 de junio de 1947 procedió a ver el caso y dictó sentencia declarando con lugar la demanda de desahucio, haciendo constar que siendo dicho día, 30 de junio, el señalado para la primera y segunda comparecencias en el caso, y no habiendo comparecido la demandada, a petición de la demandante procedía a dictar sentencia.

El día 3 de julio de 1947 ya de regreso el Lic. Acevedo, radicó una moción solicitando se dejara sin efecto la sentencia dictada, fundándose en los hechos anteriormente expuestos, y celebrada una vista, la corte la declaró sin lugar.

Sostiene la peticionaria que la corte a quo erró al no dejar sin efecto la sentencia dictada, primero, porque no es cierto que el 30 de junio fuera la fecha señalada para celebrarse la primera y segunda comparecencias como en ella se hace constar, y segundo, porque la corte procedió a

la vista del caso sin haber resuelto la moción de suspensión radicada el 25 de junio.

En cuanto al primer fundamento, si bien es cierto que en la sentencia dictada se hizo constar que el 30 de junio era la fecha señalada para la primera y segunda comparecencias cuando el señalamiento era únicamente para celebrar la primera, como cuestión de hecho y de derecho, la demanda fué declarada con lugar y se decretó el desahucio por no haber comparecido la demandada por sí o por legítimo apoderado, según dispone el segundo párrafo del artículo 624 del Código de Enjuiciamiento Civil (artículo 5 de la Ley de Desahucio).

Ahora bien, en cuanto al hecho de no haberse resuelto por la corte la segunda moción de suspensión radicada por el Lic. Vizcarrondo, a nombre del abogado de la demandada, Lic. Acevedo, creemos que si bien el haber procedido la corte en la vista del caso implica, como arguye la interventora, que desestimó dicha moción, especialmente cuando en la sentencia se hace constar que la demandada no compareció por sí ni representada por abogado, la determinación de si dicha negativa a suspender la vista estaba justificada o no, fué sometida a la corte inferior al solicitársele dejara sin efecto la sentencia dictada.

Hemos resuelto que si bien la suspensión de una vista es cuestión que descansa principalmente en la sana discreción de la corte sentenciadora, procede revisar mediante *certiorari,* la resolución concediendo o denegando dicha suspensión en aquellos casos en que dicho Tribunal se exceda o abuse de su discreción. *Amy* v. *Barceló, Juez,* 59 D.P.R. 661; *Aboy* v. *Corte,* 62 D.P.R. 890. Hemos resuelto, además, precisamente en relación con un caso de desahucio, que existe abuso de discreción por parte de un tribunal, al negarse a suspender la primera comparecencia, cuando claramente resulta que se ha cometido una injusticia. *Más et al.* v. *Borinquen Sugar Co.,* 18 D.P.R. 304. En este caso dijimos a la página 309:

"Ahora bien, aunque el estatuto dispone que el señalamiento de la primera comparecencia se hará dentro de diez días, la corte no está privada de ejercitar su discreción para prorrogar el señalamiento. La facultad de suspender un señalamiento es inherente en las cortes, y el poder judicial reside en las cortes de Puerto Rico con arreglo a la sección 33 de la Ley Orgánica. Pueden surgir causas de enfermedad, muerte, *ausencia,* incapacidad u otras semejantes, por las que se haga indispensable o esté justificada la suspensión de una vista. (*People* v. *Logan,* 4 Cal. 188.) No ha de entenderse que las prescripciones del artículo 4º son de tal modo imperativas que no permitan a las cortes ejercitar su sana discreción." (Bastardilla nuestra.) Véase, además, *García* v. *Brignoni, et al.,* 22 D.P.R. 356.

El motivo expuesto por la demandada en su moción de junio 25 para solicitar la suspensión de la primera comparecencia, fué el mismo que ya había expuesto en su moción de junio 19 y que la corte inferior consideró suficiente para concederla, a saber, la ausencia de su abogado, Lic. Acevedo, y la enfermedad del abogado sustituto, Lic. Vizcarrondo. La segunda suspensión se solicitó para siete días después de la fecha señalada, es decir, del 30 de junio para el 7 de julio. No vemos en verdad en qué se hubieran perjudicado los derechos de la demandante al acceder a dicha suspensión. Por el contrario, la demandada que ya había obtenido una sentencia a su favor en la Corte Municipal, estuvo indefensa en la vista celebrada el 30 de junio, y como consecuencia se decretó el desahucio en su contra.

En el caso de *Amy* v. *Barceló,* supra, dijimos que "La tendencia moderna de los tribunales es resolver los casos por sus propios méritos, dando a cada parte la oportunidad de presentar plenamente su contención . . ." Y en el de *Hernández* v. *F. Carrera & Hno. et al.,* 22 D.P.R. 538, ratificando lo dicho en *Rubio et al.* v. *Mayagüez Auto Garage, Inc.,* 20 D.P.R. 244, que "Es mejor práctica permitir a las partes que se defiendan y resolver las cuestiones oyéndolas, que no la de sostener sentencias dictadas en rebeldía, cuando se

demuestra que el descuido en cumplir la Ley de Procedimientos ha sido excusable y no debido al deseo de entorpecer y demorar la cuestión litigiosa.''

*Somos de opinión, que se cumplen mejor los fines de la justicia anulando la resolución de la corte inferior de 21 de julio de 1947 y en su consecuencia dejando también sin efecto la sentencia dictada el 30 de junio de 1947, en el caso civil 5054 de Petra Viera Sosa v. María Coll, sobre desahucio, y así se ordena, devolviéndose los autos a dicho Tribunal para ulteriores procedimientos.*