HERMINIO BARRETO, demandante y recurrente, *v.* SHERRIS
CARIBBEAN, INC., demandada y recurrida.

*Número:* R-65-63      *Resuelto:* 2 de diciembre de 1965

*Federico J. Pérez Almiroty,* abogado del recurrente; *Enrique Igaravídez* y *Raymond L. Acosta,* abogados de la recurrida.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ MATOS emitió la opinión del Tribunal.

El 12 de noviembre de 1964, el recurrente Herminio Barreto, como propietario y arrendador de un local comercial situado en Santurce, promovió contra su arrendataria Sherris Caribbean, Inc., ante la Sala de San Juan del Tribunal Superior, una acción de desahucio fundada (1) en haber expirado el término convencional y (2) en haber la inquilina subarrendado parcialmente dicho local a otras dos entidades sin la previa autorización escrita del arrendador.

En su contestación la demandada únicamente admitió que Barreto era dueño del local. Negó la existencia del arrenda-

miento, y, desde luego, su vencimiento, el requerimiento para desocupar que se le hizo el 5 de mayo de 1964, es decir 26 días antes de su vencimiento y que se hubiera negado a entregar el local. Negó también que violara el contrato y la ley aplicable al caso, por haber subarrendado parcialmente el local durante el término del contrato. Suplicó la desestimación de la acción con imposición de costas y honorarios de abogado.

A negar casi todos los hechos aducidos en la demanda —como se deducirá por lo ya expuesto—se dedicó la contestación a la demanda. No se invocaron defensas especiales de hecho o de derecho contra las causas de acción ejercitadas. Ninguna otra persona o entidad intervino o pidió intervenir en el caso.

Fue celebrada la vista del caso en sus méritos el 21 de diciembre de 1964, ofreciéndose evidencia oral y documental a base de la cual el tribunal de instancia, dos días después, hizo las siguientes determinaciones:

### "Conclusiones de Hecho

1. El demandante es dueño de un local comercial marcado con el número 2434-A que forma parte de un edificio propiedad del demandante y sito en la calle Loíza de Santurce.

2. El antes descrito local fue arrendado a la demandada mediante contrato escrito fechado junio 1ro. de 1961 por un término de tres años, con opción el arrendatario a prorrogar el referido contrato a la fecha de la expiración del término original de tres años si notificaba al arrendador con treinta días de anticipación a la fecha del vencimiento de su intención de así prorrogarlo.

3. El arrendatario trató de notificar por escrito su intención de prorrogar el contrato pero su carta no fue recibida por el arrendador por haber éste cambiado de dirección.

4. La cláusula siete del contrato de arrendamiento prohíbe expresamente al arrendatario a subarrendar el local sin el consentimiento por escrito del arrendador. Sin embargo en la misma cláusula se le concedía derecho al arrendatario para subarrendar espacio de escritorio 'desk space' sin necesidad de obtener el previo consentimiento del arrendador.

5. El arrendatario y aquí demandado subarrendó espacio de oficina a la firma Borinquen Insulation Co., Inc. y a la firma Leaders Marx Thread, Co. Los espacios ocupados por estas dos firmas están completamente separados del resto del local ocupado por la aquí demandada por medio de divisiones que desde el suelo alcanzan al techo, teniendo cada uno de ellos una puerta que se cierra con llave.

6. Con anterioridad a la radicación de la demanda en este caso el demandante tenía conocimiento de que la demandada había subarrendado los espacios antes descritos a Borinquen Insulation Co., Inc. y a Leaders Marx Thread, Co. Asimismo tenía conocimiento de cómo estos espacios habían sido separados del resto del local ocupado por la demandada.

A base de las anteriores conclusiones de hecho, el Tribunal formula la siguiente:

### CONCLUSIÓN DE DERECHO

I.—Asumiendo, sin que ahora lo estemos resolviendo, que el espacio ocupado por Borinquen Insulation Co., Inc. y Leaders Marx Thread, Co. constituye un subarrendamiento en violación del contrato firmado por el demandante y la demandada en junio 1ro. de 1961 estos subarrendatarios vienen a ser partes indispensables en este caso, por lo que no habiéndoseles unido como co-demandados procede que se declare sin lugar la demanda en este caso."

Fundado en esas determinaciones el tribunal recurrido dictó sentencia final el 21 de enero de 1965 declarando no haber lugar al desahucio.

Revelan los autos originales del caso que después de la fecha del fallo ocurrieron los siguientes:

(1) Se archivó en esos autos copia de la cédula de Notificación de Sentencia el 26 de enero de 1965.

(2) El 1 de febrero siguiente el demandante presentó una "Moción Solicitando Conclusiones Adicionales Bajo la Regla 43.2 y Otros Extremos." En la misma fecha la notificó a la demandada.

(3) El 3 de ese mes de febrero el tribunal de instancia la desestimó de plano, notificándose de ello, en el mismo día, a las partes.

(4) El 4 de febrero, es decir, al siguiente día, el demandante presentó un escrito titulado "Moción." En él le informó al tribunal que en ese día "ha venido en conocimiento del hecho de que con anterioridad a la fecha en que este Tribunal dictó su sentencia en este caso," la demandada había hecho desocupar sus respectivos locales a las dos subarrendatarias que según la sentencia debieron ser incluidas como partes demandadas y que bajo tales circunstancias procedía "la reapertura del presente caso para realizarse la inspección ocular solicitada . . . en nuestra solicitud verbal del día del juicio," y que se reconsiderara y dejara sin efecto la sentencia para esos efectos. Se notificó en esa fecha la parte demandada.

(5) El 10 de febrero se señaló la vista de esa moción para celebrarse el día 26 de este mes. En esta fecha tuvo lugar la vista, compareciendo ambas partes ofreciendo prueba testifical el demandante.

(6) El 3 de marzo de 1965 se declaró sin lugar la anterior moción de reconsideración "por entender el Tribunal que no procede reabrir el caso para considerar evidencia de hechos ocurridos con posterioridad al día de la vista del caso en sus méritos."

De tal resolución en ese mismo día fueron notificadas las partes.

(7) El 16 de ese mes de marzo el demandante presentó ante la Sala de San Juan del Tribunal Superior una "Nueva Moción de Reconsideración de Sentencia." No aparece que fuera efectivamente notificada a la parte demandada.

(8) El 17 de marzo el tribunal la declara "No ha lugar," sin vista alguna. Esta última resolución aparece notificada a las partes y archivada en autos, el 18 de marzo de 1965.

El demandante presentó su petición de revisión ante este Tribunal Supremo el 6 de abril de 1965.

Observamos que la primera moción de reconsideración se presentó el 4 de febrero, es decir, en el noveno día siguiente a la fecha del archivo de la notificación de la sentencia final.

■ Se formuló, pues, en tiempo oportuno de acuerdo con la Regla 47. Fue discutida y luego resuelta adversamente al demandante el 3 de marzo. De ello se le notificó en esa misma fecha. El término para formalizar el recurso de revisión vencía el viernes 2 de abril de 1965. Sin embargo, se presentó el recurso el martes 6 de abril, 4 días después de haber vencido el término fatal para instarlo.

■ Esto nos priva en absoluto de toda jurisdicción para resolver en sus méritos el recurso. En contrario no puede argüirse que el término para formularlo debe contarse a partir del 18 de marzo en que se notifica al demandante la resolución denegando la "Nueva Moción de Reconsideración de Sentencia," porque fuera de los quince días que señala la Regla 47 no procede formularse nuevas mociones de reconsideración contra la sentencia final. Es posible presentarse, por no prohibirlo la Regla 47, varias mociones de reconsideración dentro de ese término fatal de quince días, pero una vez expirado caduca el derecho a pedir nuevamente la reconsideración de la sentencia.

■ Al considerar la procedencia de la expedición del auto en este recurso no tuvimos todo el cuadro de información necesaria para determinar si habíamos adquirido jurisdicción sobre el recurso. ([1]) Lo tuvimos posteriormente, al ele-

---

([1]) Esa situación se repite con frecuencia. A veces, en ninguna forma se expresa en la solicitud de revisión la fecha en que se dictó la sentencia final recurrida, ni la fecha en que fue archivada en los autos originales la copia de la cédula de notificación de sentencia. Ello nos crea inconvenientes en la determinación que previa y generalmente hacemos de si el recurso de revisión ha sido instado dentro del plazo fatal establecido por ley o fuera del mismo.

Establece, en parte, la Regla 15.1(b) de nuestro Reglamento:

"(b) El recurrente en la solicitud de revisión, o en la solicitud de *certiorari*, de la naturaleza expresada en el párrafo (a), dará cumplimiento a lo dispuesto en la Regla 15(c) de este Reglamento en cuanto se refiere a la petición, y además, *específicamente indicará la fecha en que se dictó la resolución o sentencia que se impugna, así como la de archivo en autos de la constancia de su notificación a las partes*, y notificará a

varse los autos originales. La apariencia de haberse formulado oportunamente el recurso y la no oposición a su expedición por la parte demandada recurrida nos indujo a librar indebidamente el auto que ahora dejamos sin efecto.

Por lo expuesto se desestimará por falta de jurisdicción el presente recurso.

█ Ahora bien, esa desestimación técnica del recurso que hemos decretado a iniciativa nuestra, bajo las circunstancias concurrentes, no debe dejar al demandante apelante huérfano de toda oportunidad procesal para revisar el fallo recurrido dentro del mismo pleito y en el tribunal de instancia.

█ La extensa y fundamentada "Nueva Moción de Reconsideración de Sentencia," presentada tardíamente—a los 49 días de notificada la sentencia—resultó inoperante como tal. Pero después de que la misma se estudie, analice y medite con la debida serenidad, se llegará inescapablemente al convencimiento de que en la misma se aducen varias y meritorias razones jurídicas, difíciles de ignorar, para solicitar que el demandante sea relevado de los efectos o consecuencias de la sentencia que desestimó totalmente su demanda por defecto de partes demandadas. Por eso, bajo los términos de la Regla 49.2 (6), que consideramos aplicable como derecho supletorio a casos de desahucios (Regla 61 y véase *Coll* v. *Tribunal de Distrito*, 68 D.P.R. 122, 126 (1948)) esa moción debe ser discutida en vista pública, considerada y resuelta en sus méritos como mejor proceda en derecho y en justicia.

Pudiera ser que como resultado de esa ponderada consideración en su fondo el propio tribunal de instancia, la

las partes contrarias, junto con la solicitud, copia del memorando dispuesto en la citada Regla." (Subrayado nuestro.)

Esa omisión puede ocasionarle serios inconvenientes a los letrados y a sus clientes, especialmente a aquellos que esperan hasta el último momento hábil del último día del término para presentar la solicitud de revisión, hábito arriesgado bastante difundido. Dispone el mismo Reglamento en su Regla 22 (c) que

"El secretario *no aceptará* ningún documento que no cumpla con lo dispuesto en este Reglamento."

desestimara de nuevo, pero también pudiera concluir que la misma debería prosperar.

*Se ordenará también que los autos originales del caso de desahucio y la evidencia documental con ellos elevada, sean devueltos a la Sala de San Juan del Tribunal Superior, para por ella se proceda a celebrar una vista sobre los méritos de la indicada "Nueva Moción de Reconsideración de Sentencia," allí radicada el 16 de marzo de 1965, y prontamente la resuelva como en derecho proceda, considerándola como una solicitud a tiempo de un remedio contra la sentencia que en ese caso se dictó, bajo los términos de la Regla 49.2 de Procedimiento Civil, 1958.*

