# 95 DTA 74

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA**
**PANEL I**

SUC. CECILIO HUERTAS BARBOSA
Demandante-Apelado

v.

HOSPITAL ALEJANDRO BUITRAGO
Demandado-Apelado

Núm. KLAN-95-00120

San Juan, Puerto Rico, a 28 de abril de 1995

Panel integrado por su presidente, Juez señor Amadeo Murga
y los Jueces señora Pesante Martínez y señor Rivera Pérez

Pesante Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

La parte apelante, Suc. Cecilio Huertas Barbosa interesa que se revisen dos Resoluciones dictadas por la Sala Superior de Guayama. La primera Resolución declara con lugar una sentencia sumaria parcial que fue emitida el 31 de octubre de 1994 y que fue notificada y archivada en autos el 8 de noviembre de 1994. La segunda Resolución declara sin lugar una moción de Relevo de Sentencia presentada por el apelante el 29 de noviembre de 1994 y notificada y archivada en autos el 31 de enero de 1995. Carecemos de jurisdicción en el presente recurso.

Aunque el apelante tituló su moción una de relevo, ésta es en realidad una Moción de Reconsideración de Sentencia. El título no hace la cosa. Regla 70 de las de Procedimiento

Civil, 32 L.P.R.A. Ap III.

## II

El punto de partida para pedir una reconsideración a una sentencia es la fecha del archivo en autos de la copia de la sentencia. *López Rivera v. A.F.F.,* 89 D.P.R. 414, 416(1963); *Reyes v. Reyes,* 76 D.P.R.284, 291 (1954) y *González v. Lugo Cía.,* 75 D.P.R. 502, 506(1953). El término para presentar dicha reconsideración es de 15 días y el mismo es de naturaleza improrrogable y jurisdiccional. *López Rivera v. A.F.F., supra* a la página 506 y Regla 47 de las de Procedimiento Civil, 32 L.P.R.A. Ap.III. Si se presentare fuera de término el Tribunal de Instancia no podría actuar sobre la moción por no tener jurisdicción. *El Mundo, Inc. v. Tribunal Superior,* 92 D.P.R. 791, 801 (1965); *Meléndez v. Tribunal Superior,* 77 D.P.R. 535, 539 (1954). Expirado el término de 15 días la parte perjudicada podría presentar una apelación sobre la sentencia, una Moción de Nuevo Juicio o una Moción de Relevo de Sentencia. Reglas 53, 48 y 49 de las de Procedimiento Civil, 32 L.P.R.A. Ap. I.

## III

La Moción de Relevo de Sentencia está contenida en la Regla 49.2 de las de Procedimiento Civil 32, L.P.R.A. Ap. III█ .

Esta regla permite que un tribunal deje sin efecto cualquier sentencia, resolución o procedimiento contra una parte si existe alguno de los fundamentos contenidos en la misma. Este recurso aunque debe interpretarse liberalmente no debe utilizarse en sustitución de los recursos de reconsideración o apelación. *Olmeda Nazario v. Sueiro Jiménez,* **91 J.T.S. 58,** Opinión del 25 de junio de 1991.

## IV

Del propio recurso presentado por el apelante se desprende, que la moción de relevo pudo ser considerada indistintamente como una moción de reconsideración. Al titular la moción como una de relevo la parte recurrente quiere evadir la aplicación de los términos jurisdiccionales. Su recurso no expone ninguno de los fundamentos contenidos en la Regla 49.2. *Barreto v. Sherris Caribbean, Inc.,* 92 D.P.R. 859, 865(1965).

Por los fundamentos antes expuestos, se desestima el recurso de apelación por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIO 95 DTA 74

**1.** *"49.2. Errores, inadvertencia, sorpresa, negligencia excusable, descubrimiento de nueva prueba, fraude, etc.*

*Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:*

*(1) Error, inadvertencia, sorpresa, o negligencia excusable,*

*(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;*

*(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;*

*(4) Nulidad de la sentencia;*

*· (5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o*

*(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia."*