Pesante Martínez, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Antonio Torres Velázquez, demandante-apelante, interesa se revoque una sentencia emitida por el anterior Tribunal de Distrito, Sala de Guayama, en la cual se declaró "No Ha Lugar" la demanda presentada al amparo del artículo 297 del Código Civil, 31 L.P.R.A. see 1164. Dicha sentencia fue notificada el 29 de diciembre de 1994. Oportunamente el demandante-apelante solicitó del tribunal que emitiera determinaciones de hechos adicionales y el 15 de febrero de 1995 se le notificó que su petición fue denegada. En esa fecha, 15 de febrero, comenzó a decursar el término para solicitar la reconsideración de la sentencia. Regla 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 43.4. El 21 de febrero de 1995, dentro de los 15 días establecidos en la Regla 47, el demandante-apelante presentó una moción de reconsideración. El 23 de febrero el tribunal emitió una Orden, que fue notificada el 24 de febrero, en la cual concedió diez días a la parte demandada-apelada para que expusiera su posición. El 9 de marzo de 1995 la demandada presentó su "Réplica a la Reconsideración". El 14 de marzo el tribunal emitió una resolución, que fue notificada el 21 de marzo, en la cual declaró "No Ha Lugar" la moción de reconsideración. Sin embargo, el día antes, 20 de marzo, el demandante presentó una "Duplica a Réplica a Reconsideración" la cual fue erróneamente acogida por el tribunal al concederle diez días a la demandada-apelada para que *1212 respondiera a la misma. El 9 de abril, finalmente el tribunal dictó una última Orden que fue notificada el 27 de abril, en la cual declaraba "No Ha Lugar" la "Dúplica a Réplica a Reconsideración" presentada por el demandante-apelante. El 16 de mayo el apelante presentó ante nos el presente recurso de apelación. La parte apelada ha cuestionado nuestra jurisdicción para intervenir en el asunto. En apoyo de su contención adujo que el término para apelar comenzó a decursar el 21 de marzo de 1995 por lo que un simple cómputo matemático arrojaría que dicho término venció el 20 de abril siguiente. Entendemos que le asiste la razón. Veamos.
La Regla 47 de Procedimiento Civil tiene la poco honrosa distinción de ser una de las reglas que mayor confusión ha generado en la práctica de la profesión legal. Esta encierra tantos ángulos, vertientes y circunstancias que pueden inducir a error y confusión. Es por ello que tiene que aplicarse e interpretarse a la luz de los incidentes procesales de cada caso en particular. La aplicación errónea de lo en ella dispuesto, conlleva a que si la moción es presentada fuera del término establecido provoca que el tribunal no tenga jurisdicción para resolverla. No obstante, independientemente de que la misma haya sido presentada en tiempo o no, el tribunal retiene su jurisdicción siempre y cuando la sentencia no haya advenido a ser final y firme o que no se haya interpuesto un recurso de apelación. En el presente caso la moción de reconsideración fue presentada oportunamente. El tribunal, dentro de los 10 días siguientes, la acogió y le concedió un término al demandado-apelado para replicar. Esta actuación del tribunal interrumpió el término para apelar. Finalmente el 14 de marzo el tribunal resolvió la moción de reconsideración declarándola sin lugar. La misma fue notificada a las partes el 21 de marzo de 1995. Es a partir de esa fecha que comenzó a decursar nuevamente el término para apelar. No obstante, si el tribunal entendió que debía reconsiderar su sentencia estaba facultado para así hacerlo. Disponía para ello de los 30 días siguientes, es decir, hasta que advinieraa final y firme la sentencia. Lo que no podía hacer era acoger una segunda moción, como en efecto lo hizo, conceder término a la otra parte para que se expresara y pretender que el término para acudir en alzada comenzara a decursar una vez se resolviera la segunda moción. Esta segunda moción titulada "Dúplica a Réplica a Reconsideración" fue presentada por el demandante-apelante 33 días después de la notificación del "No Ha Lugar" a la moción sobre determinación de hechos adicionales y 27 días
después de la presentación de la Moción de Reconsideración. Esta tuvo como fundamento la misma razón de pedir que la moción de reconsideración original presentada el 21 de febrero de 1995. Ello es así independientemente de que se le pusiera un nombre distinto o de que se pretendiera contestar los argumentos vertidos por el demandado-apelado en su moción en oposición a la reconsideración. El Tribunal de Instancia no tenía jurisdicción para acoger la segunda moción. ("Dúplica a Réplica a Reconsideración"). Una situación análoga a la del caso de autos fue resuelta por el Tribunal Supremo en Barreto v. Sherris Caribbean, Inc., 92 D.P.R. 859 (1965). Allí se archivó en autos copia de la notificación de la sentencia el 26 de enero de 1965. Oportunamente el apelante solicitó conclusiones adicionales al amparo de la Regla 43.2 de Procedimiento Civil y el 3 de febrero las mismas fueron denegadas. Al día siguiente presentó una primera moción de reconsideración, la cual fue denegada y notificada el 3 de marzo. El 16 de marzo el demandante presentó una nueva moción de reconsideración la cual fue declarada "No Ha Lugar" el 17 de marzo y notificada el 18 de marzo. Finalmente el demandante acudió en revisión al Tribunal Supremo el 6 de abril de 1965. El Tribunal Supremo al determinar que carecía de jurisdicción se expresó de la siguiente manera:

"Esto nos priva en absoluto de toda jurisdicción para resolver en sus méritos el recurso. En contrario no puede arguirse que el término para formularlo (el recurso de revisión) debe contarse a partir del 18 de marzo en que se notifica al demandante la resolución denegando la "Nueva Moción de Reconsideración de Sentencia", porque fuera de los quince días que señala la Regla 47 no procede formularse nuevas mociones de reconsideración dentro de ese término fatal de quince días, pero una vez expirado caduca el derecho a pedir nuevamente la reconsideración de la sentencia".

Dicho de otra forma, la parte perdidosa en un pleito en el que recaiga sentencia puede presentar varias mociones de reconsideración, pero éstas tienen que presentarse dentro del término fatal de quince días, contados éstos desde la fecha del archivo en los autos de la copia de la notificación de la sentencia. En el presente caso se archivó en autos copia de la notificación de la sentencia el 29 de diciembre de 1994. El término para apelar quedó interrumpido al presentarse una moción al amparo de la 43.4 de Procedimiento Civil. El Tribunal resolvió la misma y ésta fue notificada el 15 de febrero. Al día número siete el demandante-apelante presentó oportunamente moción de reconsideración que luego de ser acogida fue declarada no ha lugar el 14 de marzo y notificada el 21 de marzo. La segunda *1213 moción presentada por el apelante el 20 de marzo, pese a que fue acogida por el tribunal, no surtió el efecto de interrumpir el término para acudir en apelación puesto que el tribunal carecía de jurisdicción para resolverla. El término para apelar comenzó a correr el 21 de marzo y expiró el 20 de abril de 1995.
Presentado el recurso de apelación el 16 de mayo de 1995 es forzoso concluir que carecemos de jurisdicción para entender en los méritos del mismo. Lo aquí resuelto en nada es incompatible con la norma establecida en El Mundo. Inc. v. Tribunal Superior, 92 D.P.R. 791(1965). Allí el Tribunal no acogió, dentro de los 5 días que disponía la Regla 47 para aquél entonces, una moción de reconsideración presentada oportunamente. Al así no hacerlo se entendió que la rechazó de plano. No obstante, luego de 9 días de presentada la misma, el Tribunal dictó una Orden señalando la vista de reconsideración de sentencia para una fecha con posterioridad a los 30 días de haberse archivado en autos copia de su notificación. Argüyó la parte apelada que el tribunal no tenía facultad para señalar la moción de reconsideración después de transcurrido 5 días desde la fecha de su presentación. En dicho caso se indicó que:
"[U]na vez presentada en tiempo la moción de reconsideración y resuelta por el Tribunal declarándola sin lugar de plano, bien por acción afirmativa o bien por inacción dentro de los 5 días de su presentación, el Tribunal no queda privado de su facultad para reconsiderar esa actuación suya si considera que en realidad la moción de reconsideración plantea una cuestión sustancial y meritoria y que en bien de la justicia debe señalar una vista para oír a las partes, siempre que no se le haya privado de jurisdicción por razón de haberse interpuesto contra la sentencia un recurso de apelación o de revisión o no haya expirado el término para interponer dichos recursos".
Por lo reseñado anteriormente es de rigor concluir que el desarrollo procesal después de la sentencia del caso ante nos es completamente distinguible del caso El Mundo Inc., supra. En conclusión, por los fundamentos expuestos con antelación desestimamos el presente recurso de apelación por falta de jurisdicción.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Notifíquese por la vía ordinaria.
María de la C. González Cruz
Secretaria General