TEXTO COMPLETO DE LA SENTENCIA
Comparece ante nuestra consideración Francisco Chevres Rodríguez, et al, (en adelante, todos llamados por el singular "Chevres") mediante recurso de apelación y solicita que revoquemos la Sentencia Sumaria Parcial emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 20 de julio de 1999. En dicha sentencia, cuyo archivo en autos y notificación se efectuó el 13 de agosto de 1999, el Foro de Primera Instancia desestimó la demanda en la cual Chevres solicitó que se declarara nula la Sentencia emitida por el extinto Tribunal Superior, Sala de Bayamón, el 17 de junio de 1987 en el caso Luis Deliz v. Esperanza Sánchez y la Sucesión de Angel De la Torre Alicea, Civil Núm. 86-1643.
I
El 17 de junio de 1986, el antiguo Tribunal Superior de Puerto Rico emitió Sentencia Parcial en Rebeldía contra Esperanza Sánchez ("Sánchez") en la cual se le ordenó pagar a Luis Deliz ("Deliz") la cantidad de $22,576.27, más intereses legales desde la radicación de la demanda, más una suma ascendente a $2,257.62 por concepto de costas y honorarios de abogado. Para asegurar la Sentencia, en septiembre de 1987 se emitió orden en la cual le fue prohibido a Sánchez enajenar sin el previo consentimiento del tribunal, su participación en el solar número cuarenta y seis (46) radicado en la Calle Barbosa del Municipio de Bayamón. Véase, Artículo 125 de la Ley Hipotecaria y del Registro de la Propiedad de 1979, Ley Núm. 198 del 1 de agosto de 1979, 30 L.P.R. A. see. 2414. Este inmueble consta inscrito en el Registro de la Propiedad de Bayamón, finca número seis mil quinientos setenta y seis (6576), al folio doscientos ochenta y ocho (288), tomo ciento cuarenta y dos (142). Dicha prohibición fiie anotada en el Registro de la Propiedad.
El 15 de noviembre de 1990, Sánchez presentó ante el Tribunal Superior de Bayamón, escrito titulado "Pleito Independiente al Amparo de la Regla 49.2 de las de Procedimiento Civil" (Civil Núm. 90-6488 (505) ). Allí alegó que la Sentencia emitida en el caso Civil Núm. 86-1643 es nula, toda vez el Tribunal nunca adquirió jurisdicción sobre Sánchez que fue emplazada mediante edicto sin que se realizaran esfuerzos razonables para dar con su paradero. En la alternativa, Sánchez expresó que: (1) Deliz conocía su paradero y mintió al Tribunal al respecto, hecho que, según alegó, constituye un acto fraudulento que amerita la anulación de la sentencia *671 emitida el 17 de junio de 1987; y (2) que la deuda objeto del pleito Civil Núm. 86-1643 provenía de fuentes ilegales. El 10 de junio de 1991, el Foro antes mencionado emitió Sentencia de archivo por desistimiento.
El 6 de agosto de 1991, Sánchez presentó ante el Tribunal Superior, Sala de San Juan, otro escrito titulado "Acción Independiente al Amparo de la Regla 49.2 de las de Procedimiento Civil Vigentes Interesando se deje sin efecto Sentencia por Fraude al Tribunal" (KAC-91-1296 (901)). En este segundo escrito, Sánchez esboza básicamente los mismos argumentos que los expresados en la acción iniciada el 15 de noviembre de 1990. Esta acción fue trasladada al Tribunal Superior Sala de Bayamón y le fue asignado el número DAC91-7732 (505). Dicho Foro, con fecha de 14 de marzo de 1995, desestimó el caso al amparo de la Regla 39.2 (a) de las Reglas de Procedimiento Civil, supra, por el reiterado incumplimiento de Sánchez con varias órdenes emitidas en su contra. La Sentencia emitida fue archivada en autos y notificada el 27 de marzo de 1995. El 24 de mayo de 1995, Sánchez solicitó al Tribunal de Primera Instancia que reconsiderara la Sentencia emitida el 14 de marzo del mismo año. Con fecha de 31 de mayo de 1995 se emitió Resolución en la cual el Foro de Primera Instancia acogió la reconsideración solicitada por Sánchez a los efectos de ordenar que la demanda sobre nulidad de sentencia fuera consolidada con el caso Civil. Núm. 86-1643 y resuelta por el Juez encargado de la sala donde el caso se ventiló.
A todo esto, mediante escritura pública otorgada el 3 de marzo de 1992 ante el notario Amedee López Maldonado (j'López"), Sánchez vendió su participación en el inmueble antes descrito a Chevres. Dicha escritura no pudo ser inscrita por la prohibición de enajenar que afectaba el inmueble en controversia. Chevres se enteró de esta situación cuando el Registrador le notificó que el inmueble no podía ser inscrito a su favor. Posteriormente, con fecha de 27 de noviembre de 1996, Chevres presentó la demanda de autos contra Deliz, Sánchez y López, entre otros. En dicha demanda, Chevres solicitó al Tribunal de Primera Instancia que declarara nula la Sentencia emitida por el extinto Tribunal Superior el 17 de junio de 1986 por que alegadamente: (1) nunca se adquirió jurisdicción sobre Sánchez, toda vez que ésta fue emplazada mediante edicto, aun cuando Deliz conocía su paradero; y (2) que la deuda que produjo la sentencia impugnada provenía del narcotráfico. Chevres argumentó que como cesionario de Sánchez, tenía derecho a solicitar la nulidad de la Sentencia. En la demanda presentada por Chevres se incluyeron acciones de saneamiento por evicción y daños y perjuicios contra Sánchez y López, respectivamente.
El Tribunal de Primera Instancia, con fecha de 20 de julio de 1999, emitió Sentencia Sumaria Parcial en la cual declaró con lugar una moción de sentencia sumaria presentada por Deliz y, en consecuencia, desestimó la acción sobre nulidad de sentencia instada por Chevres bajo el fundamento de cosa juzgada. Inconforme con esta determinación, oportunamente, Chevres acude ante nos mediante recurso de apelación e imputa al Foro de Primera Instancia haber errado al desestimar la acción sobre nulidad de sentencia.
Luego de examinar los alegatos de ambas partes y el derecho aplicable, procedemos a resolver.
II
En primer lugar, debemos resolver si Chevres posee legitimación activa para incoar una acción sobre nulidad de un pleito en el cual originalmente no fue parte.
La Regla 19.2. de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece que:

“Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(1) Error, inadvertencia, sorpresa, o negligencia excusable;

(2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

*672
(3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;

(4) Nulidad de la sentencia;

(5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o

(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia."
Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (3) ó (4). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia, ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para: (a) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; (b) conceder un remedio a una parte que en realidad no hubiere sido emplazada; y (c) dejar sin efecto una sentencia por motivo de fraude al tribunal. (Enfasis suplido.)
Abundando en los fines de la Regla 49.2 de Procedimiento Civil, supra, el Tribunal Supremo de Puerto Rico ha expresado que la misma debe ser interpretada liberalmente y que cualquier duda debe resolverse a favor del que solicite que se deje sin efecto la sentencia, a fin de que el pleito pueda adjudicarse en los méritos. No obstante, si bien el interés de que los casos se vean en sus méritos amerita protección, éste no puede bajo toda circunstancia, prevalecer sobre los intereses igualmente justos de la parte que ha sido diligente en que se resuelva la incertidumbre y los intereses del público en general de evitar la congestión en los calendarios y las demoras innecesarias en el trámite judicial. Fine Art Wallpaper v. Wolff, 102 D.P.R. 450, 457 (1974); Figueroa v. Banco de San Juan, 108 D.P.R. 680, 682 (1979); Dávila v. Hospital San Miguel, 117 D.P.R. 807, 818 (1980).
La Regla antes citada proviene de la Regla 60(b) de Procedimiento Civil Federal. J. Cuevas Segarra, Práctica Procesal Puertorriqueña, Publicaciones J.T.S. Inc., pág. 266 (1979). Al igual que la versión local, la Regla 60 (b) de Procedimiento Civil Federal permite a una parte o a su representante legal solicitar que se deje sin efecto una determinación emitida que cumple con alguno de los requisitos establecidos en la propia Regla. La frase "a su representante legal" ha sido interpretada por los tribunales federales de la siguiente forma :
“In most situations, a Rule 60(b) motion will be granted only on behalf of a party or "a party's legal representative". In this context, a "party's legal representative" means a nonparty whose interest are directly affected by the final judgment, that is, one who is in privity with a party. 12 Moore's Federal Practice 3D, sec. 60.63 (1999). ” (Enfasis suplido.)
El término "privity" (mutualidad), que también es un requisito indispensable para la aplicación de la doctrina de cosa juzgada, ha sido descrito de la siguiente forma:

“In determining whether privity exists, courts generally employ a functional analysis, which entails a careful examination of the circumstances of the case and the rights and interest of a party to be held in privity. Thus, the question of who is a privy is a factual one requiring a case-by-case examination. Privity should be applied with flexibility; literal privity is not required.

In general, it may be said that such privity involves a person so identified in interest with another that he represents the same legal right. It has been declared that privity within the meaning of the doctrine of res judicata is privity as it exits in relation to the subject matter of litigation, and that the rule may be construed to mean parties claiming under the title. Under this rule, privity denotes mutual or successive relationship to the *673 same right of property, so that a privily is one who, after the commencement of the action, has acquired an interest in the subject matter and affected the judgment through or under one of the parties, as by inheritance, succesion, purchase, or assigment. There is privity within the meaning of the doctrine of res judicata where there is an identity of interest and privity in estate, so that a judgment is binding as to a subsequent grantee, transferee, lienor, or lessee of property. ” A1 American jurisprudence 2d, sec. 663, pages 84-89.
in
F.n el caso de marras, si bien es cierto que Chevres no fue parte en el caso Civil. Núm. 86-1643 (501), éste se encuentra en una relación sucesiva ("privity") con Sánchez que lo legitima activamente para incoar la presente causa de acción. Ello es así, toda vez que al adquirir mediante compraventa el inmueble afectado por la prohibición de enajenar, se colocó en la posición de Sánchez, como su sucesor en interés. Se hace evidente el interés de Chevres de solicitar la nulidad de la Sentencia emitida contra Sánchez el 17 de junio de 1987, lo que a su vez provocaría que el inmueble que adquirió quedara libre de la prohibición de enajenar que lo afectaba. Esta situación coloca a Chevres técnicamente en la posición que ocupaba Sánchez y de esta forma reúne los requisitos de "representante legal" bajo la Regla 49.2 de Procedimiento Civil, supra, según hemos discutido.
IV
Próximo, debemos examinar si el Tribunal de Primera Instancia erró al aplicar la doctrina de cosa juzgada al pleito de autos.
El artículo 1204 del Código Civil, 31 L.P.R.A. see. 3343, dispone que "[pjara que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron." En lo que respecta a la doctrina de impedimento colateral por sentencia, una modalidad de cosa juzgada, se ha resuelto que una "sentencia anterior es concluyente solamente en cuanto a aquellas materias que de hecho se suscitaron y verdaderamente o por necesidad se litigaron y adjudicaron, pero no es concluyente en cuanto a aquellas materias que pudieron ser, pero que no fueron litigadas y adjudicadas en la acción anterior." Millán v. Caribe Motors Corp., 83 D.P.R. 494, 506-507 (1961). Se constituye el requisito de identidad de causas "cuando la nueva acción estuviera como embebida en la primera, o fuese consecuencia inseparable de la misma". Mercado Riera v. Mercado Riera, 100 D.P.R. 940, 951-52 (1972), citando a VIH, J.M. Manresa y Navarro, Comentarios al Código Civil Español, págs. 303-304 (1967). Para cumplir con el requisito de identidad de cosas "basta que se refiera al mismo asunto, aunque en el uno se abordase totalmente y sólo parcialmente en el otro". Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. 212, 220 (1992).
En cuanto a la identidad de las personas de los litigantes, este requisito se rige por la doctrina de mutualidad a la que hemos aludido anteriormente. Aún así cabe destacar que el propio Artículo 1204 de nuestro Código Civil, supra, dispone que "[s]e entiende que hay identidad de personas, siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, y estén unidos a ellos por vínculos de solidaridad". Esta disposición se complementa por lo pautado en el Artículo 421 del Código de Enjuiciamiento Civil, 32 L.P.R.A. see. 1793, que en lo pertinente establece:

"El efecto de una sentencia o decreto definitivo en una acción o un procedimiento especial ante un tribunal o un juez de Puerto Rico o de los Estados Unidos con jurisdicción para pronunciar sentencia o decreto es como sigue:

(2) En los demás casos, el fallo o decreto, en cuanto a la materia directamente juzgada, será concluyente entre las partes y sus sucesores en interés por título adquirido posteriormente al comienzo de la acción o del procedimiento especial, las cuales estuvieran litigando por la misma cosa, bajo el mismo título y en el mismo carácter, siempre que tuvieran noticia expresa o tácita de estarse substanciando la acción o *674 procedimiento. ” (Enfasis suplido.)
En cuanto a este último requisito, el Tribunal Supremo de España ha dictaminado que "existe jurídicamente identidad de personas, aunque no sean físicamente las mismas las que litiguen en los dos pleitos, cuando la que litiga en el segundo pleito ejercita la misma acción e invoca iguales fundamentos y se apoya en los mismos títulos que en el primero, pues ello implica la solidaridad jurídica entre los demandantes a que se refiere el Art. 1252.... ”. (Art. 1204 del Código Civil de Puerto Rico). Sucn. Zayas Berríos v. Berríos, 90 D.P.R. 551, 565-566 (1964), citando a Sentencias del Tribunal Supremo de España de 15 de junio de 1899 y de 11 de marzo de 1949 (87 Jurisprudencia Civil, pág. 497 y 111 Jurisprudencia Civil, tomo 2E, págs. 165, 172); Manresa, Código Civil Español, Sta. ed., temo 8, vol. n, págs. 242-243.
Por otra parte, es pertinente señalar que el advenimiento final y firme de una sentencia desestimatoria bajo la Regla 39.2 de Procedimiento Civil, supra, dictada por el incumplimiento del demandante con las órdenes del tribunal, es una adjudicación en los méritos que tiene el efecto de cosa juzgada, a menos que el tribunal en sü orden de desestimación lo disponga de otro modo. Pagan Navedo v. Rivera Sierra, _ D.P.R. _ (1997), 97 J.í» S. 76, a la pág. 1083. Finalmente, a la luz del caso de autos, debemos señalar que la Regla 47 de Procedimiento Civil, supra, establece que una parte adversamente afectada por una resolución, orden o sentencia, podrá, dentro del término de quince (15) días desde la fecha de la notificación de la orden o resolución o desde la fecha de archivo en autos de una copia de la notificación de la Sentencia, presentar una moción de reconsideración contra la misma. El término antes expuesto es jurisdiccional. El Mundo v. Tribunal, 92 D.P.R. 791, 801 (1965); Barreto v. Caribbean Inc., 92 D.P.R. 859, 864 (1965). Un tribunal actúa sin jurisdicción si considera Uña moción de reconsideración presentada a destiempo. Id.
y
A la luz de los hechos del presente caso, pasemos a determinar si le aplica la presunción de cosa juzgada.
En el caso KAC91-1296 (901), luego DAC91-7732 (505), Sánchez presentó ante el Tribunal de Primera Instancia, una acción independiente al amparo de la Regla 49.2 de las de Procedimiento Civil, supra, en la cual alegó que la Sentencia emitida en el caso civil núm. 86-1643 debía dejarse sin efecto por no haber adquirido jurisdicción sobre su persona, haber sido emitida mediando fraude al tribunal y por la ilegalidad de lá obligación cuyo cumplimiento allí se exigió. Este pleito fue desestimado por el Foro de Primera Instancia por Sanchez haber incumplido con vanas ordenes emitidas por el foro a quo. Sánchez solicitó la reconsideración de la Sentencia emitida, luego de transcurrido alrededor de dos (2) meses de su archivo en autos. Por lo tanto, el Foro de Primera Instancia actuó sin jurisdicción al ordenar la reapertura del caso a base de la reconsideración solicitada por Sánchez. Al no apelar o solicitar la revisión de la Sentencia emitida en su contra, la Sentencia emitida el 14 de marzo de 1995 advino final y firme.
Ahora bien, Chevres inició una acción idéntica a la incoada por Sánchez el 6 de agosto de 1991, la cual ya fue resuelta y advino final y firme. Se trata en ambos casos sobre la nulidad de una Sentencia, que produjo la anotación de una prohibición de enajenar sobre una participación en un bien inmueble que en un momento pasó de manos de Sánchez a Chevres. Al igual que Sánchez, Chevres alegó falta de jurisdicción sobre la persona, fraude al tribunal, y la ilegalidad de la obligación cuyo cumplimiento se exigió en el caso Civil Núm. 86-1643; Además, Chevres planteó una serie de irregularidades alegadamente cometidas en el caso antes citado que muy bien debieron o pudieron ser levantadas por Sánchez en la acción iniciada el 6 de agosto de 1991, cuyo pleito fue resuelto mediante Sentencia del 14 de marzo de 1995. 
En cuanto a la identidad de partes, hemos discutido que Chevres se colocó en los "zapatos" de Sánchez aí adquirir la propiedad afectada por la prohibición de enajenar. Es decir, Chevres activó la misma acción, a base de los mismos títulos y argumentos iguales o similares a los utilizados por Sánchez. Por lo tanto, concluimos que la acción que inició Chevres constituye para todo fin legal, cosa juzgada en el caso KAC-91-1296 (901), luego DAC91-7732 (505).
*675 VI
Por los fundamentos antes expuestos, procedemos a confirmar la Sentencia apelada.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2001 DTA 23
1. Aun cuando un tribunal discrecionalmente puede considerar una moción de reconsideración como una solicitud de relevo de sentencia, la moción presentada por Sánchez no cualifica como tal. En la misma no se exponen hechos concretos que justifiquen la concesión del relevo, según la Regla 49.2 de Procedimiento Civil, supra. Meramente se habla de que "por razones ajenas a la voluntad, la parte demandante no cumplió" con las órdenes del tribunal. Véase Pagan Navedo v. Rivera Sierra, supra, a la pág. 1084 y Dávila Mundo v. Hospital San Miguel, 117 D.P.R. 807, 818, 819 (1986). Además, debe observarse que el caso civil número 86-1643 fue resuelto mediando la rebeldía de Sánchez al no comparecer al mismo y que los múltiples intentos fallidos de anular dicha sentencia han "eternizado" el pleito original.
2. Resulta evidente que Chevres compró la participación en el inmueble en controversia y con ello asumió el riesgo de que el título adquirido tuviera defectos. Ello no cierra las posibilidades de que mediante la acción legal pertinente recobre lo pagado y los daños y perjuicios que le fueron causados por la parte vendedora al Chevres adquirir la participación en controversia.