Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ESPADA, MIÑANA & PEDROSA LAW OFFICES, PSC<br><br>Demandantes<br><br>v.<br><br>JUAN FÉLIX TRINIDAD, Y OTROS<br><br>Demandados | KLCE202500470 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2021CV03932<br><br>Sobre:<br>Cobro de Dinero |
| ERIC QUETGLAS JORDÁN<br><br>Demandante contra Tercero-Apelante<br><br>v.<br><br>LUIS MIÑANA RODRÍGUEZ-FEO, JUAN R. DÁVILA DÍAZ<br><br>Demandados contra Terceros-Apelados | | |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Rivera Marchand y la Juez Aldebol Mora

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de mayo de 2025.

La parte apelante, Lcdo. Eric Quetglas-Jordán, comparece ante nos solicitando que revoquemos la *Sentencia Sumaria Parcial* notificada por el Tribunal de Primera Instancia, Sala de Bayamón, el 26 de diciembre de 2024. Mediante la misma, el foro primario declaró *Ha Lugar* la *Moción Conjunta Solicitando Sentencia Sumaria* presentada por Espada, Miñana & Pedrosa Law Offices (EMP) y el Lcdo. Luis E. Miñana Rodríguez-Feo (Lcdo. Miñana).

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

Número Identificador

SEN2025 _____

## I

Luego de evaluada la *Moción Conjunta Solicitando Sentencia Sumaria* presentada por la parte demandante-reconvenida, EMP, y el tercero demandado, Lcdo. Miñana, así como la *Oposición a Moción Conjunta Solicitando Sentencia Sumaria* presentada por la parte aquí apelante, el 20 de diciembre de 2024, notificada el 26 de diciembre de 2024, el Tribunal de Primera Instancia emitió una *Sentencia Sumaria Parcial*. Mediante el referido dictamen, el Tribunal de Primera Instancia declaró *Ha Lugar* la *Moción Conjunta Solicitando Sentencia Sumaria* a favor de EMP y el Lcdo. Miñana. Como consecuencia, se desestimó con perjuicio la reconvención y la demanda de tercero. Del mismo modo, el tribunal le impuso a la parte apelante, el pago de cinco mil dólares ($5,000.00) por concepto de honorarios de abogado, más las costas.

Por estar en desacuerdo con la *Sentencia Parcial* emitida, la parte apelante, oportunamente, el 10 de enero de 2025, presentó una *Solicitud de Enmiendas a Determinaciones de Hechos y Sobre Determinaciones de Hechos Adicionales; y de Reconsideración.* No obstante, el Tribunal de Primera Instancia declaró *No Ha Lugar* dicha solicitud, mediante Orden emitida el 10 de enero de 2025, notificada el 13 de enero de 2025.

Aún inconforme con la referida determinación, la parte apelante presentó, el 23 de enero de 2025, ante el foro primario un pliego intitulado *Segunda Solicitud de Enmiendas a Determinaciones de Hechos y Determinaciones de Hechos Adicionales; y de Reconsideración.*

Sin embargo, el Tribunal de Primera Instancia, mediante Orden emitida y notificada el 2 de abril de 2025, dispuso que no tenía nada que proveer en cuanto a la *Segunda Solicitud de Determinaciones Adicionales y Reconsideración.*

Inconforme, el 1 de mayo de 2025, la parte apelada presentó el presente recurso de *certiorari*, el cual, conforme a las normas procesales aplicables, acogemos como una apelación, por recurrir de una *Sentencia Parcial.* Mediante el mismo, pretende la revisión de la *Sentencia Parcial* notificada el 26 de diciembre de 2024.

Procedemos a expresarnos conforme a las normas atinentes a su trámite apelativo.

**II**

**A**

Nuestro ordenamiento provee para que todo aquel que considere que su reclamo ha sido desvirtuado por un dictamen incorrecto del tribunal sentenciador, pueda solicitar que el mismo sea reconsiderado, dando paso así, a su eventual corrección. La *moción de reconsideración* constituye el mecanismo procesal que facilita al juzgador de hechos reexaminar su proceder en cuanto a una controversia sometida a su escrutinio para que, en determinado período, resuelva si es meritorio que sea enmendado o que quede sujeto a mayor evaluación. *Caro v. Cardona,* 158 DPR 592 (2003). Lo anterior resulta del poder inherente de los tribunales para revisar sus pronunciamientos y ajustarlos conforme a la ley y a la justicia, ya sea a solicitud de parte o *motu proprio,* siempre que conserven jurisdicción sobre el caso. *Div. Empleados Públicos UGT v. CEMPR,* 212 DPR 742, 748 (2023).

Cónsono con lo anterior y pertinente al presente asunto, en virtud de la Regla 47 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 47, la parte que resulte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia, puede servirse del término de quince (15) días desde la fecha de notificación de la misma, para solicitar su correspondiente reconsideración, mediante moción a tal fin.

Ahora bien, y relativo a la implicación procesal de la oportuna presentación de una moción de reconsideración, el aludido estatuto expresamente dispone que:

[…]

Una vez presentada la moción de reconsideración, quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

32 LPRA Ap. V, R. 47.

**B**

Finalmente, es por todos sabido que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. *Mun. Aguada v. W. Construction,* 2024 TSPR 69, 213 DPR ___ (2024); *Moreno González v. Coop. Ahorro Añasco,* 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007). La jurisdicción se define como el poder o autoridad que tiene un tribunal para considerar y dirimir casos o controversias que tiene ante sí. *Freire Ruiz de Val y otros v. Morales Román,* 2024 TSPR 129, 214 DPR ___ (2024); *R & B Power Inc. v. Junta Subastas ASG,* 213 DPR 685, 698 (2024); *Matos, Sostre v. Registradora,* 213 DPR 348, 354 (2023); *FCPR v. ELA et al,* 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021).

Las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Freire Ruiz de Val y otros v. Morales Román,* supra; *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Mun. De San Sebastián v. QMC Telecom,* supra, pág. 660; *Ríos Martínez, Com. Alt. PNP v. CLE,* 196 DPR 289, 297 (2016).

La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, los tribunales pueden considerarlo, incluso, *motu proprio. Mun. De San Sebastián v. QMC Telecom,* supra, pág. 660; *García v. Hormigonera Mayagüezana,* 172 DPR 1 (2007).

Relativo a la causa que nos ocupa, nuestro ordenamiento establece que un recurso tardío adolece de grave e insubsanable defecto de falta de jurisdicción, por lo que, de cumplirse esta instancia, el mismo debe ser desestimado de plano. *Moreno González v. Coop. Ahorro Añasco,* supra*; Juliá, et als v. Epifanio Vidal*, 153 DPR 357 (2001).  Así pues, su presentación carece de eficacia y no produce efecto jurídico alguno, dado a que no existe autoridad judicial para acogerlo.  *Empress Hotel, Inc. v. Acosta,* 150 DPR 208 (2000).

En materia de derecho apelativo y conforme al ordenamiento procesal, la Regla 52.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2 (b), establece que los recursos de *apelación* sometidos a la consideración del Tribunal de Apelaciones para revisar resoluciones u órdenes finales emitidas por un Tribunal de Primera Instancia, deberán ser presentados dentro del plazo de treinta (30) días, contados a partir de la fecha de la *notificación* del pronunciamiento que trate.  Por su parte, la Regla 32 (D) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, R. 32 (D), establece igual periodo para la formalización de dicho recurso. El antes aludido término es uno de estricto cumplimiento, admitiendo, de este modo, la existencia de justa causa de mediar algún incumplimiento.

**III**

Por ser tardío el recurso que nos ocupa, estamos impedidos de asumir jurisdicción respecto a sus méritos.  Un detenido examen del contenido de los documentos pertinentes al trámite del caso de autos, permite entrever que los argumentos esbozados por el

apelante en el escrito intitulado *Segunda Solicitud de Enmiendas a Determinaciones de Hechos y Sobre Determinaciones de Hechos Adicionales; y de Reconsideración,* no son sino una reproducción de aquellos que previamente delineó en su *Solicitud de Enmiendas a Determinaciones de Hechos y Sobre Determinaciones de Hechos Adicionales; y de Reconsideración* respecto a la denegatoria de la solicitud sobre sentencia sumaria que promovió. En el pliego, el apelante nuevamente trajo a la consideración del foro primario las cuestiones en las que apoyaban su inconformidad respecto a la *Sentencia Parcial* emitida. De este modo, estimamos que la segunda solicitud de reconsideración no goza de eficacia jurídica, ello a tenor con la norma establecida en *Barreto v. Sherris Caribbean, Inc.,* 92 DPR 859 (1965).[1] Por ende, la misma no surte efecto interruptor alguno en cuanto al plazo para acudir en alzada. De ahí que la determinación emitida y notificada por el Tribunal de Primera Instancia el 2 de abril de 2025, no afecta las normas procesales pertinentes a dicho trámite.

Siendo de este modo, de conformidad con la doctrina previamente expuesta, habiéndose notificado la denegatoria respecto a la *Solicitud de Enmiendas a Determinaciones de Hechos y Sobre Determinaciones de Hechos Adicionales; y de Reconsideración* el 13 de enero de 2025, tal era la fecha desde la cual comenzó a decursar el plazo de treinta (30) días para comparecer ante nos. Así, el apelante disponía hasta en o antes del 12 de febrero del año corriente para presentar el recurso de apelación. Por tanto, habiendo presentado el mismo el día 1 de mayo de 2025, resulta forzoso concluir que el mismo es uno tardío, hecho que nos impide

---

[1] Conforme la norma establecida en dicho caso, toda parte afectada por una sentencia emitida por un tribunal competente, por no prohibirlo el ordenamiento procesal, puede presentar varias mociones de reconsideración respecto al dictamen de que trate, ello siempre que lo haga dentro del término jurisdiccional de quince (15) días para actuar de conformidad.

considerar sus méritos, y que sólo nos permite declarar nuestra falta de autoridad al respecto.

## IV

Por los fundamentos que anteceden, se desestima el presente recurso de apelación, por falta de jurisdicción

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones