RIVERA *v.* RIVERA ET AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 26.—Resuelto en mayo 5, 1904.

DESAHUCIO—QUIENES PUEDEN PROMOVERLO.—Son parte legítima para promover el juicio de desahucio los que tengan la posesión real de la finca a título de dueños, de usufructuarios, o de cualquiera otro que les dé derecho a disfrutarla, y sus causahabientes.

ID.—CONTRA QUIENES PROCEDE.—El desahucio procede contra cualquier persona que disfrute o tenga en precario la finca, sea rústica o urbana, sin pagar merced, siempre que haya sido requerida con un mes de anticipación para que la desocupe.

ID.—REBELDÍA DEL DEMANDADO.—Si en un caso de desahucio el demandado dejare de comparacer al juicio verbal para el que haya sido citado, se estimará que está conforme con los hechos expuestos en la demanda, y se dictará sentencia en rebeldía.

COSTAS.—Dictada sentencia en un juicio, sin hacer especial condenación de costas si la parte a cuyo favor se dictara tal sentencia, no hubiera apelado con respecto al pronunciamiento de costas, ni se hubiera adherido sobre este punto al recurso interpuesto por la otra parte, tal pronunciamiento deberá declararse subsistente en la apelación.

EXPOSICIÓN DEL CASO.

Vistos estos autos promovidos en la Corte de Distrito de Mayagüez, entre partes, de la una, Don Juan E. Rivera,

vecino de dicha ciudad, y de la otra, Don Ramón B. Rivera, Don Monserrate Valentín, Don Clemente Vélez, Don Miguel Rivera y Don Dámaso Tubens, cuyas generales no constan; sobre deshaucio de casas y establecimientos; autos pendientes ante nos a virtud de recurso de casación, hoy de apelación interpuesto por Don Miguel Rivera que se personó en esta superioridad por medio de su abogado Don Juan Quintero, a quien se tuvo por parte, sin que comparecieran ni el actor ni los demás demandados, entendiéndose con ellos los Estrados del tribunal.

*Resultando:* que la Corte de Distrito de Mayagüez, después de seguir por todos sus trámites el referido juicio de (*) desahucio, pronunció sentencia que, copiada a la letra, dice así:

"*Sentencia.* En la ciudad de Mayagüez, a 24 de diciembre de 1901. Visto en juicio oral y público el juicio de desahucio seguido ante este tribunal, entre partes de la una, Don Juan E. Rivera Rodríguez, mayor de edad y vecino de esta ciudad, representado y defendido por el Letrado Don Luis Campillo y Abrams, y de la otra, como demandados, Don Ramón B. Rivera, Monserrate Valentín, Clemente Vélez, Miguel Rivera y Dámaso Tubens, en rebeldía todos con excepción de Don Miguel Rivera, que lo representó en estos autos el Lcdo, Don Luis Méndez Vaz; sobre desalojo de casas y establecimientos.

"1º. *Resullando:* que el actor funda su demanda en que es dueño de una fracción de terreno radicada en el barrio de 'Ovejas' del municipio de Añasco de este partido judicial, compuesto de 24.22 cuerdas, más o menos, dedicados a café y conteniendo casa-habitación, casa de máquina, tahona, tres tanques para lavar café, máquina para descascararlo, tres cuadros glacis con sus casillas, un depósito de agua y todo lo demás concerniente a fincas de esta especie; que en las casas y establecimientos se hallaban habitando en calidad de precario, sin pagar merced alguna, los demandados y que, requeridos judicialmente para que en el término de 30 días desalojaran las casas y establecimientos, no lo verificaron a pesar de transcurrir el indicado término.

"2º. *Resullando:* que con la demanda se acompaña copia del auto dictado por este tribunal en 17 de septiembre de 1900, declarándose el dominio entre otras fincas de la antes mencionada a favor del actor,

inscrita en el registro, y las diligencias relativas al requerimiento a los demandados.

"3°. *Resultando:* que convocadas las partes a una comparecencia en el día y hora señalados, sólo concurrió el demandado Don Miguel Rivera manifestando no estar conforme con los hechos por ser condueño, siendo declarados en rebeldía los otros demandados.

"4°. *Resultando:* que conferido traslado de la demanda a los demandados, lo evacuó únicamente Don Miguel Rivera pidiendo se declarara aquélla sin lugar con las costas al actor, alegando que éste no es dueño en su totalidad de la casa-habitación y demás establecimientos que contiene la finca de que se trata, pues, en unión del terreno en que están enclavados, se hallan proindiviso y pertenecen a la Sucesión de Don Santiago Rivera y Doña Juana Cecilia Rodríguez, como (*) se demuestra por el documento privado que acompaña, y por tal circunstancia, formando parte el demandado de aquella sucesión, no es cierto que habite en precario la casa y establecimientos sino como partícipe de ellos.

"5°. *Resultando:* del documento privado que presenta el demandado Rivera; que Don Sandalio Rivera, Don Ramón García en representación de su esposa, y Don Miguel Rivera, partícipes todos de la finca de café que fué de la Sucesión de Don Santiago Rivera y de Doña Juana Cecilia Rodríguez convinieron en dividir la finca en la proporción que allí se indica, haciéndose constar indivisible la plaza y establecimientos, 66/100 de cuerda.

"6°. *Resultando:* que convocadas las partes a comparecencia para proponer prueba, lo hicieron en el día y hora señalado y admitido, se practicó sóla la relativa a la parte actora, trayéndose certificaciones de las inscripciones posesorias a favor del anterior dueño de la finca que figuraban en el expediente posesorio y certificación del registrador de la propiedad, creditiva de aparecer hechas las inscripciones de posesión y que consta citado en el expediente como colindante Don Miguel Rivera.

"7°. *Resultando:* que en el día y hora señalado para el juicio oral, concurrió solamente el actor que expuso lo que creyó conveniente a su derecho, votándose en esta fecha en público la sentencia.

"8°. *Resultando:* que en la sustanciación de estos autos se han observado las prescripciones legales. Siendo Ponente el Sr. Juez Asociado Don James E. Erwin.

"1°. *Considerando:* que son parte legítima para promover el juicio de desahucio los que tengan la posesión real de la finca a título

de dueños, de usufructuarios o cualquier otro que les dé derecho a disfrutarla y sus causahabientes.   Artículo 1562 de la Ley de Enjuiciamiento Civil.

"2°. *Considerando:* que procede el desahucio contra cualquier persona que disfrute o tenga en precario la finca, sea rústica o urbana sin pagar merced, siempre que fuese requerida con un mes de anticipación para que la desocupe.   Artículo 1563, caso 3 de dicha ley.

"3°. *Considerando:* que no habiendo comparecido los demandados Don Ramón B. Rivera, Monserrate Valentín, Clemente Vélez y Dámaso (*) Tubens, al juicio verbal para que se les convocó, debe estimárseles conformes con los hechos expuestos en la demanda, al tenor del artículo 1591 de la repetida ley.

"4°. *Considerando:* que el demandante ha justificado tener la posesión real de la finca de que se trate a título de dueño, y por tanto es parte legítima para promover el juicio.

"5°. *Considerando:* que el demandado Don Miguel Rivera manifiesta poseer las casas y establecimientos, como partícipe de ellos, pero no lo justifica, porque el documento acompañado, además de no acreditarse su legitimidad, tampoco se evidencia que se trate de los mismos edificios de cuyo desalojo se pretende, y debe estimársele como poseedor en precario.

"6°. *Considerando:* que en los casos como el presente, debe resolverse en cuanto a las costas conforme a equidad.

"*Vistas* las disposiciones citadas y demás de general aplicación.

"*Fallamos:* que debemos declarar y declaramos con lugar el desahucio establecido, apercibiendo a los demandados de lanzamiento si no desalojan las fincas dentro de los términos establecidos en la ley, sin especial condenación de costas.   Notifíquese a los demandados rebeldes en la forma legal.   Así por ésta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.   Arturo Aponte, J. A. Erwin, Pascasio Fajardo."

*Resultando:* que contra la anterior sentencia interpuso Don Miguel Rivera recurso de casación por infracción de ley, y elevados los autos a esta Corte Suprema, se sustanció el recurso como de apelación, cumpliendo con la Ley de la Asamblea Legislativa de esta Isla de 12 de marzo de 1903, señalándose día para la vista, que tuvo lugar sin la asistencia de las partes.

Abogado del apelante: *Sr. Juan Quintero.*

Las partes apeladas no comparecieron.

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia recurrida, menos el último considerando, y

*Considerando:* que contra la sentencia de la Corte de Distrito (*) de Mayagüez, en cuanto ordena se entiendan las costas sin especial condenación, no ha interpuesto recurso de apelación la parte demandante, ni tampoco sobre este punto se ha adherido al interpuesto por uno de los demandados, debiendo por tanto quedar subsistente aquel pronunciamiento por ministerio de la ley.

*Vistas* las disposiciones que en el fallo recurrido se citan y los artículos 358, 371 de la Ley de Enjuiciamiento Civil.

*Fallamos:* que debemos confirmar y confirmamos la sentencia que dictó la Corte de Distrito de Mayagüez en 24 de diciembre de 1901, declarando con lugar la demanda de desahucio promovida por Don Juan E. Rivera con los demás pronunciamientos del caso, e imponemos las costas de este recurso al apelante Don Miguel Rivera, y devuélvanse los autos a la corte de su procedencia con la certificación correspondiente.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Sulzbacher y MacLeary.