ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| ADMINISTRACIÓN DE VIVIENDA PÚBLICA Y OTROS<br><br>Parte Recurrida<br><br>V.<br><br>SAÚL I. ROSARIO TORRES<br><br>Parte Peticionaria | TA2025CE00946 | *REVISIÓN JUDICIAL* procedente del Tribunal de Primera Instancia, Sala Municipal de Vega Baja<br>_____<br>Caso Núm.: VB2024CV00804<br>_____<br>SOBRE:<br>DESAHUCIO EN PRECARIO |
| --- | --- | --- |

Panel integrado por su presidenta la Juez Brignoni Mártir, el Juez Salgado Schwarz y la Juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente.

# RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de enero de 2026.

Comparece el Sr. Saúl Rosario Torres (señor Rosario Torres o el peticionario) y solicita la revocación de la *Orden* emitida el 5 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Municipal de Vega Baja (TPI o foro primario), notificada el 8 de diciembre de ese año. Mediante la referida *Orden* el foro primario declaró "No Ha Lugar" la moción de relevo de sentencia presentada por la parte peticionaria al amparo de la Regla 49.2 de Procedimiento Civil, 32 LPRA AP. V. R. 49.2, en la que alegó nulidad de la Sentencia de desahucio dictada el 18 de octubre de 2024 y notificada el 21 de octubre de 2024, por insuficiencia del diligenciamiento del emplazamiento.

Por los fundamentos que pasamos a exponer denegamos la expedición del auto de *certiorari* solicitado.

## -I-

El 26 de septiembre de 2024 la Administración de Vivienda Pública (la AVP o la parte recurrida) presentó ante el foro primario Demanda de desahucio en precario en contra de la Sra. Elba Torres Carrero ("señora Torres Carrero"), madre del señor Rosario Torres.[1] La AVP alegó que la señora Torres Carrero incumplió con el contrato de arrendamiento al no realizar el reexamen anual, a pesar de los múltiples avisos realizados. La parte recurrida indicó además, que el contrato había sido cancelado el 30 de abril de 2024, pero que esta se negaba a desalojar el apartamento que ocupaba. En virtud de dichas alegaciones, la AVP solicitó al TPI que ordenara a la señora Torres Carrero o a cualquier otra persona que detentara la posesión material del inmueble en nombre de ella, que entregara la propiedad; que ordenara el lanzamiento y el pago de una suma razonable por concepto de honorarios de abogado.

Así las cosas, el 30 de septiembre de 2024, el foro primario expidió emplazamiento y citación de la señora Torres Carrero, en la cual se le citó al juicio a celebrarse el 15 de octubre de 2024 a las 10:00 a.m., y se le advirtió que, de no comparecer al juicio, por sí o por legítimo apoderado, se podría dictar sentencia sin más citarle ni oírle, declarar "Ha Lugar" la demanda, y ordenar su lanzamiento y el de las personas que ocupen la propiedad. **Dicho emplazamiento fue diligenciado el 10 de octubre de 2024 mediante entrega personal al señor Rosario Torres, hijo de la señora Torres Carrero y**

---

[1] *Véase* Entrada Núm. 1 de SUMAC TPI en el Caso Núm. VB2024CV00804

**residente del apartamento objeto de la acción de desahucio.**[2]

El 15 de octubre de 2024, el foro primario celebró el juicio, al cual compareció la AVP.[3] La señora Torres Carrero no compareció ni envió representación legal alguna. **La AVP informó que la señora Torres Carrero era una adulta mayor, que no fue localizada; que se emplazó al señor Rosario Torres, quien estaba en posesión del apartamento y solicitó al foro primario que enmendara el epígrafe a los efectos de incluir al señor Rosario Torres, ya que era quien ocupaba la propiedad y era parte de la composición familiar.** Además, la AVP solicitó al TPI que anotara la rebeldía a la parte demandada. **Así, el foro recurrido declaró "Con Lugar" la solicitud de la AVP, enmendó el epígrafe de la demanda y anotó la rebeldía.**[4]

Mediante **Sentencia** de 18 de octubre de 2024, notificada el 21 de octubre de 2024, el foro primario concluyó que la señora Torres Carrero incumplió con el contrato de arrendamiento y que continuaba ocupando la propiedad a pesar de haberle requerido su entrega, por lo que ordenó el lanzamiento e impuso el pago de $150.00 por concepto de honorarios de abogado.[5] Concluyó el foro primario que la demanda de desahucio fue presentada el 26 de septiembre de 2024; que el señor Rosario Torres fue notificado de los procedimientos del caso; que la vista en su fondo se celebró el 15 de octubre de 2024 sin la comparecencia de los demandados, y que conforme

---

[2] *Véase* Entradas Núm. 2 y 3 de SUMAC TPI en el Caso Núm. VB2024CV00804.
[3] *Véase* Entrada Núm. 5 de SUMAC TPI.
[4] *Véase* Minuta de la Vista celebrada el 15 de octubre de 2025, Entrada Núm. 5 de SUMAC TPI.
[5] *Véase* Entrada Núm.6 de SUMAC TPI.

a las disposiciones del Art. 620 y siguientes del Código de Enjuiciamiento Civil de Puerto Rico, 32 L.P.R.A. § 2821, et seq., según enmendados, el señor Rosario Torres seguía ocupando la propiedad a pesar de haberse vencido el término del contrato y de haber sido requerida para que entregue la propiedad, por lo que declaró Ha Lugar la Demanda de Desahucio y ordenó el lanzamiento.

Tras varios incidentes procesales que incluyen *Moción de Paralización* presentada el 29 de julio de 2025, por la Oficina de las Personas de Edad Avanzada, el foro primario, mediante *Orden* de 30 de julio de 2025, ordenó la paralización del lanzamiento y ordenó al Departamento de la Familia y a la AVP a rendir un informe.[6] El 27 de agosto de 2025 el Departamento de la Familia presentó Informe Social.[7]

Posteriormente, el 6 de noviembre de 2025, la AVP presentó *Moción Solicitando Lanzamiento*.[8] En esa fecha, 6 de noviembre de 2025, el foro primario notificó Orden de Desahucio y expidió el correspondiente Mandamiento de Desahucio.[9]

Así las cosas, el 19 de noviembre de 2025 el señor Rosario Torres, presentó ***Moción Urgente en Solicitud de Relevo de Sentencia***, en la que alegó que la Sentencia dictada por el Tribunal de Primera Instancia era nula por falta de jurisdicción sobre la persona e insuficiencia del diligenciamiento del emplazamiento, por lo que, solicitó el relevo de la sentencia y que se desestimara la causa de acción de desahucio.[10] En igual

---

[6] *Véase* Entradas Núm. 10 y 11 de SUMAC TPI.
[7] *Véase* Entrada Núm. 12 de SUMAC TPI.
[8] *Véase* Entrada Núm. 21 de SUMAC TPI.
[9] *Véase* Entradas Núm. 22 y 23 de SUMAC TPI.
[10] *Véase* Entrada Núm. 26 de SUMAC TPI.

fecha, el señor Rosario Torres solicitó la paralización de los procedimientos ante el foro primario.[11]

Mediante Orden emitida y notificada el 24 de noviembre de 2025, el foro primario concedió la paralización solicitada y además, concedió un término de diez días a la AVP para fijar su postura.[12]

El 4 de diciembre de 2025 la AVP presentó *Moción en Cumplimiento de Orden*, *Objetando Moción Urgente en Solicitud de Relevo de Sentencia*.[13] Allí, la parte recurrida adujo que el emplazamiento había sido diligenciado en la persona del señor Rosario Torres, quien era el hijo mayor de edad de la señora Torres Carrero; que este formaba parte de la composición familiar declarada en el contrato de arrendamiento, que también este firmó dicho contrato y era la persona que ocupaba la propiedad al momento del emplazamiento. La AVP enfatizó que la moción de relevo de sentencia presentada era inoportuna, pues había transcurrido más de un año desde que la sentencia fue notificada y registrada. Señaló además, que la señora Torres Carrero continuaba en incumplimiento con las disposiciones del contrato y que adeudaba la suma de $2,568.00 por concepto de renta.

Al día siguiente, el **5 de diciembre de 2025**, el foro primario emitió ***Orden***, notificada el 8 de diciembre de 2025, en la que declaró **"No Ha Lugar"** la moción de relevo de sentencia presentada por la parte peticionaria y ordenó la continuación del proceso de lanzamiento.[14]

---

[11] Entrada Núm. 27 de SUMAC TPI.
[12] Entrada Núm. 29 de SUMAC TPI.
[13] Entrada Núm. 31 de SUMAC TPI.
[14] Entrada Núm. 32 de SUMAC TPI.

Inconforme, el 23 de diciembre de 2025, la parte peticionaria presentó *Petición de Certiorari* y *Moción Urgente en Auxilio de Jurisdicción*. En su *Petición de Certiorari* la parte peticionaria solicita la revisión de la *Orden* emitida el 5 de diciembre de 2025 por el foro primario mediante la cual el TPI declaró *No Ha Lugar* la Solicitud de Relevo de Sentencia por Nulidad y ordenó la continuación del lanzamiento. Como único señalamiento de error la parte peticionaria sostiene lo siguiente:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA MUNICIPAL DE VEGA BAJA AL DECLARAR NO HA LUGAR LA MOCIÓN URGENTE EN SOLICITUD DE RELEVO DE SENTENCIA POR CAUSA DE NULIDAD, AL HABER SIDO EMITIDA SIN JURISDICCIÓN SOBRE LA PERSONA, LO QUE CONSTITUYE UNA VIOLACIÓN AL DEBIDO PROCESO DE LEY.

En la *Moción en Auxilio de Jurisdicción*, el señor Rosario Torres nos solicita además, que ordenemos la paralización de los efectos de la Sentencia en Rebeldía y de la Orden mediante la cual el foro primario declaró no ha lugar la Solicitud de Relevo de Sentencia por Nulidad y ordenó la continuación del lanzamiento.

Examinada la *Petición de Certiorari* y la *Moción Urgente en Auxilio de Jurisdicción* que presentó la parte peticionaria, el 23 de diciembre de 2025 emitimos *Resolución* en la que ordenamos la paralización inmediata de los procedimientos.

El 23 de enero de 2026, la parte recurrida compareció ante nos mediante *Escrito en Cumplimiento de Resolución.*[15] En esencia, la parte recurrida sostiene que la moción de relevo de sentencia bajo la Regla 49.2 de Procedimiento Civil, supra, presentada por el peticionario es improcedente, toda vez que se presentó

---

[15] *Véase* Entrada Núm. 7 SUMAC.

transcurrido once meses de notificada la Sentencia de desahucio por lo que la presunta nulidad debió plantearse en una acción independiente. Expone además, la parte recurrida que el emplazamiento y citación para el juicio de desahucio dirigido a la madre del peticionario, la señora Torres Carrero, no le fue entregado a ella, sino al peticionario, quien es mayor de edad y, según surge del expediente del foro primario, figura como parte de la composición familiar declarada en el contrato de arrendamiento, firmó dicho contrato y reside en la propiedad objeto del desahucio. Finalmente, señala la AVP que aun examinando los méritos de su alegación, la citación de la señora Torres Carrero se hizo conforme a derecho, según lo dispuesto en el Artículo 624 del Código de Enjuiciamiento Civil, infra, por lo que, el foro primario correctamente denegó el relevo de sentencia solicitado. **Reitera la AVP que dado que la señora Torres Carrero no pudo ser localizada en la propiedad y el señor Rosario Torres residía y ocupaba el apartamento al momento del diligenciamiento, este se entregó a la persona encargada de la propiedad.**

-II-

A. *El Certiorari*

El *certiorari* es un recurso extraordinario cuya característica se asienta en la sana discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al

intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008). En los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I*, *supra*; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). La mencionada Regla dispone que sólo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo". *800 Ponce de León v. AIJ*, *supra*. Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

A tenor con estos criterios, como foro revisor, tenemos la obligación de obrar con discernimiento judicial en nuestra intervención para no interrumpir a destiempo el trámite ante el tribunal de instancia. *Torres Martínez v. Torres Ghigliotty*, *supra*, pág. 98. De esta forma, de no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari*. Es menester destacar que una determinación atinente a asuntos **post-sentencia** es revisable mediante el recurso de *certiorari*, puesto que de otro modo no sería revisable. *IG Builders et al. v. BBVAPR*, *supra*.

### B. *La Regla 49.2 de las de Procedimiento Civil*

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, establece el mecanismo procesal que se tiene disponible para solicitar al foro de instancia el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí dispuestos. *García Colón et al. v. Sucn. González*, 178 DPR 527, 539 (2010); *De Jesús Viñas v. González Lugo*, 170 DPR 499, 513 (2007); *Náter v. Ramos*, 162 DPR 616, 624 (2004). La misma provee un mecanismo post sentencia para impedir que se vean frustrados los fines de la justicia mediante tecnicismos y sofisticaciones. *García Colón et al. v. Sucn. González*, *supra*; *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445, 449 (1977). El peticionario del relevo está obligado a justificar su solicitud amparándose en una de las causales establecidas en la Regla 49.2,*su pra. García Colón et al. v. Sucn. González*, *supra*; *Reyes v. E.L.A. et al.*, 155 DPR 799, 809 (2001). De esa manera, se permite al tribunal cumplir

con su deber de hacer un análisis de todo el expediente del caso para determinar si se da una de las causales dispuestas en la Regla 49. *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 817 (1986). La Regla 49.2, *supra*, dispone, que:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (a) error, inadvertencia, sorpresa o negligencia excusable;
>
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
>
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
>
> (d) nulidad de la sentencia;
>
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
>
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

Ahora bien, el relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *Náter v. Ramos*, *supra*; *Rivera v. Algarín*, 159 DPR 482, 490 (2003); *Garriga Gordils v. Maldonado Colón*, 109 DPR 817, 823-824 (1980). Los tribunales tienen el deber de hacer un balance entre dos intereses: el interés de que haya certeza y estabilidad en los procedimientos judiciales, así evitándose demoras innecesarias en el trámite judicial, y el interés de que se haga justicia, resolviéndose el pleito en sus méritos. *Piazza Vélez v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003); *Fine Art Wallpaper v. Wolff*, 102 DPR

451, 457-458 (1974); *Municipio de Coamo v. Tribunal Superior*, 99 DPR 932, 936-937 (1971).

Aunque la Regla 49.2, *supra*, debe interpretarse de forma liberal, esto no significa que se le debe dar atención desmedida a uno de los dos intereses a balancear. *Piazza Vélez v. Isla del Río, Inc.*, *supra*; *Dávila v. Hosp. San Miguel, Inc.*, *supra*, pág. 818. Es norma hartamente reiterada que la Regla 49.2, *supra*, "no es una llave maestra para reabrir a capricho el pleito ya adjudicado". *Ríos v. Tribunal Superior*, 102 DPR 793, 794 (1974). El mecanismo de relevo de sentencia no puede ser utilizado en sustitución de los recursos de revisión o reconsideración y tampoco existe para proveer un remedio adicional contra una sentencia erróneamente dictada. *Náter v. Ramos*, *supra*, pág. 625; *Olmedo Nazario v. Sueiro Jiménez*, 123 DPR 294, 299 (1989). Una parte no tiene derecho a que su caso adquiera vida eterna en los tribunales, manteniendo a la otra parte en un estado de incertidumbre, pues, la Regla 49.2, *supra*, no se puede utilizar para premiar conducta en perjuicio de los intereses de la otra parte y la buena administración de la justicia. *Dávila v. Hosp. San Miguel, Inc.*, *supra*, págs. 816 y 819. En otras palabras, las determinaciones judiciales que son finales y firmes no pueden estar sujetas a ser alteradas por tiempo indefinido. *Piazza Vélez v. Isla del Río, Inc.*, *supra*, pág. 449. Asimismo, la reapertura de un caso sin muestra de justa causa constituye un abuso de discreción. *Fine Art Wallpaper v. Wolff*, *supra*, pág. 458.

### C. El Desahucio

Conforme al Art. 620 del Código de Enjuiciamiento Civil, 32 L.P.R.A. § 2821, los dueños de una finca, los

usufructuarios y cualquier otro que tenga derecho a disfrutarla, y sus causahabientes, tienen derecho a promover la acción de desahucio. La acción de desahucio conlleva un procedimiento especial de naturaleza sumaria cuyo fin es recuperar la posesión material de un inmueble, lanzando de él al que lo detenta. La acción de desahucio es una posesoria; en ella sólo puede discutirse el derecho a la posesión de un inmueble. *Escudero* v. *Mulero*, 63 D.P.R. 574 (1944).

En lo pertinente, cabe señalar que el Artículo 624 del Código de Enjuiciamiento Civil, 32 L.P.R.A. § 2821, et seq., según enmendada dispone que "[s]i no se encontrase el demandado en el lugar del juicio o no tuviere en él su domicilio, se entenderá la citación con la persona que en cualquier forma estuviere encargada en su nombre del cuidado de la finca en dicho lugar". 32 LPRA sec. 2825. Sobre el emplazamiento, el Artículo 624 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2825, indica que "[a]l citarse al demandado se le apercibirá de que no compareciendo por sí o por legítimo apoderado se decretará el desahucio sin más citarlo ni oírlo". Conforme lo anterior, es norma reiterada que, ante la incomparecencia del demandado, el tribunal está facultado para ordenar el desahucio. Véase, *María Coll v. Tribunal de Distrito*, 68 DPR 122 (1948); *Rivera v. Rivera, et. al.*, 6 DPR 213 (1904).

-III-

Como cuestión de umbral, advertimos que en lo que respecta a la revisión de dictámenes al amparo de la Regla 49.2, *supra,* la norma establecida nos limita a revisar solamente el ejercicio de la discreción del foro primario al denegar o conceder tal remedio. No estamos

facultados, y sería contrario a Derecho, revisar la Sentencia de la cual procede la solicitud de relevo de sentencia, puesto que esta advino final y firme. La única cuestión por resolver es si la *Orden* recurrida, mediante la cual el TPI concluyó que la parte promovente no satisface los requisitos de la Regla 49.2 *supra,* para dejar sin efecto la Sentencia, fue emitida dentro de los parámetros discrecionales del foro primario.

Considerados los criterios de la Regla 40, que guían el ejercicio de nuestra discreción para la revisión de la *Orden* recurrida, rechazamos la invitación de la parte peticionaria a intervenir con la determinación del foro primario de denegar su solicitud de relevo de sentencia.

Habida cuenta de lo anterior, y considerado lo planteado a la luz de los criterios que nos facultan como foro apelativo a intervenir con dictámenes *post sentencia*, **no identificamos en el recurso presentado la presencia de circunstancia alguna que justifique nuestra intervención con la *Orden* recurrida.**

No se desprende del expediente que en el caso de epígrafe hubiese mediado prejuicio o parcialidad de parte del foro primario, ni que dicho foro incurriera en error craso y manifiesto en la interpretación o aplicación de la norma jurídica al evaluar la solicitud de relevo de sentencia bajo la Regla 49.2, *supra*. Procede, por tanto, denegar la expedición del auto de *certiorari.*

-IV-

Por los fundamentos anteriormente expuestos, denegamos la expedición del auto de *Certiorari*

solicitado por la parte peticionaria. Se deja sin efecto la paralización de los procedimientos *post sentencia*, emitida en nuestra *Resolución* de 23 de diciembre de 2025.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*